**Jonathan A. Stieglitz, Esq.**
**(SBN 278028)**
**THE LAW OFFICES OF**
**JONATHAN A. STIEGLITZ**
**11845 W. Olympic Blvd., Ste. 800**
**Los Angeles, California 90064**
**Tel: (323) 979-2063**
**Fax: (323) 488-6748**
**Email:** jonathan.a.stieglitz@gmail.com
*Attorney for Plaintiff*

**Yitzchak Zelman, Esq.**
**MARCUS & ZELMAN, LLC**
**1500 Allaire Avenue, Suite 101**
**Ocean, New Jersey 07712**
**Tel: (732) 695-3282**
**Fax: (732) 298-6256**
**Email:** Yzelman@marcuszelman.com
*Attorney for Plaintiff*
*Pro Hac Vice Admission Pending*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| **N.L., an infant by his mother and natural guardian SANDRA LEMOS**, <br><br> Plaintiff, <br><br> -against- <br><br> **CREDIT ONE BANK, N.A. and JOHN DOES 1-25,** <br><br> Defendants | Civil Case No.: 2:17-at-00720 <br><br> **CIVIL ACTION** <br><br> **AMENDED COMPLAINT** <br> **and** <br> **JURY TRIAL DEMAND** |

Plaintiffs **N.L.,** an infant by his mother and natural guardian **SANDRA LEMOS** ("Plaintiff"), by and through their attorneys, Marcus & Zelman, LLC, brings this Complaint against the Defendant CREDIT ONE BANK, N.A. and JOHN DOES 1-25 (hereinafter referred to as "Defendant"), and respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff N.L. is an eleven-year-old child who has inexplicably become the target of incessant and relentless collection calls made by Credit One Bank and the dialing vendors it employs. As Plaintiff is a minor, he appears in this action by and through his mother and natural guardian Sandra Lemos, seeking damages and declaratory and injunctive relief arising from the Defendant's violations under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2. Plaintiffs further seek damages as a result of the Defendant's invasion of his privacy and right to seclusion, as well as damages pursuant to the Rosenthal Fair Debt Collection Practices Act, codified at Cal. Civ. Code § 1788 *et seq*.

3. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent. Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at

night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

4. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9). Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

## PARTIES

5. Plaintiff N.L. is a minor who resides in Placer County, California.

6. Plaintiff Sandra Lemos is the mother and natural guardian of Plaintiff N.L.,

who also resides in Placer County, California.

7. Defendant is a national banking association with its corporate headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119.

8. JOHN DOES 1-25 is a fictitious name, meant to represent those calling and dialing vendors utilized by Defendant to place the actual calls to Plaintiff's cellular phone on Defendant's behalf, whom Plaintiff will name once their identities are uncovered.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACTS

11. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

12. On information and belief, on a date better known to the Defendant, Defendant began its campaign of communicating with the minor Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling the Plaintiff's cellular telephone phone number of (xxx) xxx-9847 on dozens of occasions.

13. Plaintiff is the customary and sole user of the cellular phone number (xxx)

1-28 in left margin

xxx-9847.

14. The Defendant called from numerous phone numbers, including but not limited to (916)461-5127, and (916)461-5128.

15. Plaintiff confirmed that these phone numbers belong to Defendant by calling these numbers and being connected with an automated voice stating "Thank you for calling Credit One Bank."

16. Defendant specifically used an automated telephone dialing system to call the Plaintiff on his cell phone six times each on February 23 and February 28, 2017, amongst numerous other dates.

17. Defendant's use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of six or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

18. The Plaintiff never gave the Defendant his prior, express permission to call his cell phone via the use of an automated telephone dialing system or prerecorded voice.

19. The eleven-year-old Plaintiff has never had a business relationship with the Defendant and has never provided the Defendant with his phone number.

20. Plaintiff had no wish to be contacted on his cell phone via the use of an autodialer or prerecorded voice, and expressly directed Defendant to stop calling his cell phone number on numerous occasions.

21. On February 21, 2017, the minor Plaintiff spoke with a male customer service representative of the Defendant.

22. On February 21, 2017, the Plaintiff specifically advised the Defendant that he was a kid, they were calling the wrong party, that he had no account with Credit One Bank, and that the Defendant should cease calling him.

23. The Defendant completely ignored Plaintiff's pleas to stop calling his cellular phone and continued to place dozens of prerecorded voice messages and calls to the Plaintiff's cellular phone via the use of an automated telephone dialing system.

24. By placing auto-dialed calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service.

25. Plaintiff suffered actual damages because the Defendant's calls to his cell phone deprived him of the use of his cellular phone during the times that the Defendant was calling his cellular phones, depleted battery life of the cellular telephone, and invaded on the Plaintiff's right to privacy and seclusion,

which was the very harm that Congress sought to prevent by enacting the TCPA.

26. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendant's repeated calls interrupted the Plaintiff's day and wasted the Plaintiff's time spent answering and otherwise addressing these repeated phone calls.

27. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

28. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## FIRST CAUSE OF ACTION

### (Violations Of The TCPA)

29. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b) *et seq.*

31. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of

the TCPA pursuant to 47 U.S.C. § 227(b)3.

32. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## SECOND CAUSE OF ACTION

**(Violations Of The Rosenthal Fair Debt Collection Practices Act)**

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

34. Cal. Civ. Code §1788.17 mandates that every person or entity collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

35. Pursuant to 15 USC §1692c, a debt collector may not communicate with a third party in connection with the collection of a debt owed by a consumer, with a limited exception for calls made to obtain or confirm location information, which exception is governed by 15 USC §1692b.

36. Pursuant to 15 USC §1692b(3), any debt collector communicating with any

person other than the consumer for the purpose of acquiring location information about the consumer shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

37. Thus, under 15 USC §1692b(3) and 15 USC §1692c, the Defendant was only allowed to communicate with the Plaintiff <u>once</u>, and solely in order to obtain location information regarding the debtor it was attempting to reach.

38. Instead, the Defendant placed dozens of calls to the Plaintiff in an attempt to reach an unrelated debtor, all after the Plaintiff clearly and expressly advised the Defendant that he was not that person, in direct violation of the FDCPA and RFDCPA.

39. Pursuant to 15 USC §1692d(5), a debt collector is prohibited from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

40. Cal. Civ. Code §1788.11(d) similarly prohibits debt collectors from causing a telephone to ring repeatedly or continuously to annoy the person called.

41. Cal. Civ. Code §1788.11(e) further prohibits debt collector from

communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

42. Defendant's actions violated the foregoing provisions of the FDCPA and RFDCPA by placing over 85 calls to the minor Plaintiff in a one-month period of time, at a rate of six or more calls per day – and up to nine calls in one day - all in an attempt to collect a debt from an unrelated person.  For example, on March 13, 2017, the Defendant called the minor Plaintiff nine times in less than seven hours, and three times in less than forty minutes.

43. Defendant's actions, listed above, violated the RFDCPA and FDCPA, and were done knowingly and willfully, all after the Plaintiff specifically advised the Defendant that he was a kid and not the debtor that the Defendant was seeking.

44. As a direct and proximate result of Defendant's violations of the RFDCPA and FDCPA, Plaintiff was harmed, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30.

## THIRD CAUSE OF ACTION

**(Invasion Of Privacy By Intrusion Upon Seclusion)**

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant invaded the minor Plaintiff's privacy and intruded upon his right to seclusion, by placing an obscene amount of phone calls to the minor Plaintiff's cellular phone, all in an attempt to collect a debt from an unrelated debtor.

47. Plaintiff has a reasonable expectation of privacy on his cellular phone, and to be left alone and not harassed by a credit card company mindlessly attempting to cow some unknown party into paying their debt.

48. As an eleven-year-old child, the Plaintiff should not have to be subjected to the Defendant's reprehensible collection tactics, particularly when he has zero relationship with Defendant.

49. The Defendant's actions are highly offensive to any reasonable person: to repeat, the Defendant harassed a young child on his cellular phone with up to nine calls per day, and over 85 calls in a one-month period – all after the Plaintiff advised the Defendant that he was just a kid, that Defendant was calling the wrong person, and to stop calling him.

50. As a result of the Defendant's unreasonable conduct, the Defendant violated

the Plaintiff's right to seclusion and invaded on his privacy. *See e.g., Varnado v. Midland Funding LLC*, 43 F. Supp. 3d 985, 992 (N.D. Cal. 2014)(finding that "repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion" and denying motion to dismiss where collection agency called debtor "3 to 5 times a day for two months totaling approximately 185 to 300 times, despite Plaintiff's repeated requests for the calls to stop").

51. As a result of the Defendant's actions, the Plaintiff has been harmed, and is entitled to damages, in an amount to be determined at trial.

## DEMAND FOR TRIAL BY JURY

52. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:

    A. For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

    B. Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendant's

willful violations of the TCPA;

  C. Plaintiff requests actual and statutory damages, along with attorneys' fees and costs, for the Defendant's violations of the RFDCPA and FDCPA.

  D. Plaintiff requests actual and punitive damages for the Defendant's invasion of his privacy and violation of his right to seclusion.

  E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: July 19, 2017

    /s/ Jonathan A. Stieglitz
    JONATHAN A. STIEGLITZ
    (SBN 278028)
    jonathan.a.stieglitz@gmail.com
    THE LAW OFFICES OF
    JONATHAN A. STIEGLITZ
    11845 W. Olympic Blvd., Ste. 800
    Los Angeles, California 90064
    Telephone: (323) 979-2063
    Facsimile: (323) 488-6748

    Yitzchak Zelman, Esq.,
    *Pro Hac Vice Motion Forthcoming*
    MARCUS & ZELMAN, LLC
    1500 Allaire Avenue, Suite 101
    Ocean, New Jersey 07712
    Phone: (732) 695-3282
    Facsimile: (732) 298-6256
    Email: yzelman@marcuszelman.com
    Attorneys for Plaintiff