David J. Kaminski (SBN 128509)
Kaminskid@cmtlaw.com
Alex A. Wade (SBN 304022)
Wadea@cmtlaw.com
**CARLSON & MESSER LLP**
9841 Airport Boulevard, Suite #1200
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
CREDIT ONE BANK, N.A.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.L., an infant by his mother and natural guardian SANDRA LEMOS, <br><br> Plaintiff, <br><br> vs. <br><br> CREDIT ONE BANK, N.A. and JOHN DOES 1-25; <br><br> Defendants. | Case No. 2:17-cv-01512-JAM-DB <br><br> **ANSWER** |

COMES NOW Defendant CREDIT ONE BANK, N.A. (hereinafter "Defendant"), by and through its counsel of record, and hereby answers the Complaint under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.* ("TCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et. seq.* ("RFDPCA"), and Invasion of Privacy by Intrusion Upon Seclusion ("Intrusion") of Plaintiff N.L., an infant by his mother and natural guardian SANDRA LEMOS, ("Plaintiff"), by admitting, denying and alleging as follows:

/ / / / / /

/ / / / / /

/ / / / / /

# INTRODUCTION/PRELIMINARY STATEMENT

1. Defendant presently lacks sufficient knowledge to admit or deny the allegations in Paragraph 1, which are also vague, ambiguous, lack foundation, and constitute legal conclusions and thereby denies them at the present time.

2. Defendant denies the allegations in Paragraph 2 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

3. Defendant denies the allegations in Paragraph 3 of Plaintiff's Complaint as they are vague, ambiguous, lack foundation, and constitute legal conclusions.

4. Defendant denies the allegations in Paragraph 4 of Plaintiff's Complaint as they are vague, ambiguous, lack foundation, and constitute legal conclusions.

# PARTIES

5. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

6. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

7. Defendant admits that it has a business address at 585 Pilot Road, Las Vegas, Nevada 89119.

8. Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

# JURISDICTION AND VENUE

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint on the basis that they constitute legal conclusions.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint on the basis that they constitute legal conclusions.

## **ALLEGATIONS OF FACTS**

11. Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

13. Defendant presently lacks sufficient knowledge to admit or deny the allegations in Paragraph 13, which are also vague, ambiguous and lack foundation, and thereby denies them at the present time.

14. Defendant presently lacks sufficient knowledge to admit or deny the allegations in Paragraph 14, which are also vague, ambiguous and lack foundation, and thereby denies them at the present time.

15. Defendant presently lacks sufficient knowledge to admit or deny the allegations in Paragraph 15, which are also vague, ambiguous and lack foundation, and thereby denies them at the present time.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

19. Defendant presently lacks sufficient knowledge to admit or deny the allegations in Paragraph 19, which are also vague, ambiguous and lack foundation, and thereby denies them at the present time.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

21. Defendant presently lacks sufficient knowledge to admit or deny the allegations in Paragraph 21, which are also vague, ambiguous and lack foundation, and thereby denies them at the present time.

22. Defendant presently lacks sufficient knowledge to admit or deny the allegations in Paragraph 22, which are also vague, ambiguous, lack foundation, and constitute legal conclusions and thereby denies them at the present time.

23. Defendant presently lacks sufficient knowledge to admit or deny the allegations in Paragraph 23, which are also vague, ambiguous, lack foundation, and constitute legal conclusions and thereby denies them at the present time.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

25. Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

26. Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

28.   Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

## FIRST CAUSE OF ACTION

### (Violations Of The TCPA)

29.   Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

30.   Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

31.   Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

32.   Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

## SECOND CAUSE OF ACTION

### (Violations Of The Rosenthal Fair Debt Collection Practices Act)

33.   Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

34.   Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

35.   Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

36.   Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

37.   Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

38.   Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

39. Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

40. Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

41. Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

42. Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

43. Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

44. Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

## THIRD CAUSE OF ACTION

### (Invasion Of Privacy By Intrusion Upon Seclusion)

45. Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

46. Defendant denies the allegations in Paragraph 46 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

47. Defendant denies the allegations in Paragraph 47 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

48. Defendant denies the allegations in Paragraph 48 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

49. Defendant denies the allegations in Paragraph 49 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

50. Defendant denies the allegations in Paragraph 50 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

///

///

51. Defendant denies the allegations in Paragraph 51 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

52. Defendant admits that Plaintiff requests a trial by jury but denies that it violated any statute or law. Further, Defendant denies that Plaintiff is entitled to the relief sought in the unnumbered paragraphs 1A-E following Paragraph 52.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Mitigation of Damages)**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

**(Estoppel)**

As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant is barred by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

///

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff is barred from maintaining the Complaint and each purported cause of action alleged therein against Defendant as a result of unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

### SIXTH AFFIRMATIVE DEFENSE

### (Compliance with Statute)

The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

### SEVENTH AFFIRMATIVE DEFENSE

### (Actions Were Proper)

As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of 47 U.S.C. § 227, *et seq.* and Cal. Civ. Code § 1788, *et seq*.

### EIGHTH AFFIRMATIVE DEFENSE

### (No Intentional or Reckless Conduct)

As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

As a separate, affirmative defense, assuming *arguendo* that Defendant violated a statute alleged in the Complaint, which presupposition Defendant denies, such violation was not intentional and resulted from a bona fide error,

notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### TENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff is barred by the doctrine of laches from pursuing his Complaint and each purported cause of action alleged therein against Defendant by reason of his inexcusable and unreasonable delay in filing his Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Maintained Reasonable Rosenthal Act and TCPA Procedures)

As a separate, affirmative defense, Defendant alleges that at all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the TCPA or RFDCPA.

### TWELFTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Conduct of Third Parties)

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails as a matter of law due to lack of standing to bring an action.

///

### FIFTEENTH AFFIRMATIVE DEFENSE
**(Damages Not Specific)**

Plaintiff's complaint fails to state a cause of action against Defendant because it does not plead special damages with sufficient particularity.

### SIXTEENTH AFFIRMATIVE DEFENSE
**(Damages are Limited)**

As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by the TCPA and RFDCPA.

### RESERVATION OF RIGHTS

Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant CREDIT ONE BANK, N.A. demands a jury trial in this case.

DATED:  August 31, 2017

**CARLSON & MESSER LLP**

By: /s/ Alex A. Wade
David J. Kaminski
Alex A. Wade
Attorneys for Defendant,
*CREDIT ONE BANK, N.A.*

# **CERTIFICATE OF SERVICE**

I, Alex A. Wade, hereby certify that on this 31st day of August, 2017, a true and accurate copy of the foregoing Answer were served via the District Court ECF System on the Following:

    Email: jonathan.a.stieglitz@gmail.com
             Yzelman@marcuszelman.com

                                       /s/Alex A. Wade
                                       Alex A. Wade
                                       CARLSON & MESSER LLP