Jonathan A. Stieglitz, Esq.
(SBN 278028)
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Ste. 800
Los Angeles, California 90064
Tel: (323) 979-2063
Fax: (323) 488-6748
Email: jonathan.a.stieglitz@gmail.com

Yitzchak Zelman, Esq.
*Admitted Pro Hac Vice*
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Tel: (732) 695-3282
Fax: (732) 298-6256
Email: Yzelman@marcuszelman.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| **N.L., an infant by his mother and natural guardian SANDRA LEMOS,**<br><br>Plaintiff,<br><br>-against-<br><br>**CREDIT ONE BANK, N.A., and JOHN DOES 1-25,**<br><br>Defendants. | Civil Case No.: 2:17-cv-01512-JAM-DB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**<br><br><u>**CIVIL ACTION**</u> |

## I.  PRELIMINARY STATEMENT

Plaintiff, N.L. an eleven year old child, commenced this action on July 18, 2017, alleging that Defendants Credit One Bank and John Does 1-25 placed dozens of unwanted calls to his cellular phone in violation of the Telephone Consumer Protection Act, all in an attempt to collect a debt from a third party.  As explained in the Plaintiff's Complaint, these calls were not actually placed by Credit One itself.  *See,* Docket 1, ¶1, 6.  Instead, the Complaint specifically alleges that the Defendant retained third-party dialer vendors (designated as John Does 1-25) to place these calls, and that the Plaintiff would name these vendors once their identities were disclosed.  *See id.*

On September 26, 2017, the parties submitted their Joint Scheduling Report, pursuant to FRCP 26f.  *See,* Docket 12.  As expressly stated in that Report, "Plaintiff expects to join the Defendant's third-party dialing vendors, who actually placed the offending calls to Plaintiff, once those vendors are identified," and the parties proposed an amendment deadline of January 15, 2018. *See id.,* ¶2.  On September 28, 2017, this Court issued a Scheduling Order, providing that "No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown."  *See,* Docket 13.

On October 16, 2017, the Defendant served its Initial Disclosures, but refused to disclose the identity of the third-party dialer vendors who made the calls to the Plaintiff, despite the fact that these vendors clearly have discoverable information as to (1) the calls placed to Plaintiff, and (2) the dialing systems used to make those calls.  *See,*

1

Exhibit A. Accordingly, on October 16, 2017, the Plaintiff served discovery demands, seeking the identity of these third-party dialer vendors. On December 19, 2017, the Defendant served its discovery responses, identifying Gc Services Limited Partnership, iEnergizer Holdings, Limited, and First Contact, LLC a/k/a iQor Holdings, Inc. as the dialer vendors who placed the actual calls to the Plaintiff. Plaintiff now moves to amend his Complaint to add these dialer vendors as named Defendants in this action.

## II. PLAINTIFF'S MOTION TO AMEND SHOULD BE FREELY GRANTED.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a party's pleading "shall be freely granted when justice so requires." The FRCP's policy of freely granting amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). Courts commonly consider four factors when deciding whether to grant a motion for leave to amend a complaint: (1) bad faith on the part of the movant; (2) undue delay in filing the motion; (3) prejudice to the opposing party; and (4) the futility of the proposed amendment. *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir.1991). It is respectfully submitted that each of these four factors are met in this action.

### A. Plaintiff Has Not Acted In Bad Faith.

Plaintiff has acted with a complete absence of bad faith throughout this matter, and particularly in bringing the instant Motion to Amend his Complaint. As set forth above, the Plaintiff has broadcast his intention to name these parties from the date this

2

action was commenced, specifically referencing the amendment in his Complaint. Plaintiff then discussed that amendment with Defendant at the Rule 26f Conference, and expressly listed that anticipated amendment in the Joint Report. *See, Life Techs. Corp. v. Ebioscience, Inc.*, No. 10CV2127-IEG NLS, 2012 WL 3628624, at *2 (S.D. Cal. Aug. 21, 2012) ("Parties anticipating possible amendments to their pleadings have an 'unflagging obligation' to alert the Rule 16 scheduling judge of the nature and timing of such anticipated amendments"). The parties had set January 15, 2018 as the date by which to amend the Complaint, anticipating that it would take some time for the Plaintiff to obtain the identities of these vendors and then prepare an Amended Complaint.

Plaintiff then diligently worked to obtain the identity of these entities and expediently moved to amend the Complaint. Under such facts, there can be no finding of bad faith. *See Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of So. Calif.*, 648 F.2d 1252, 1254 (9th Cir.1981) (citation omitted) ("Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.").

### B. There Was No Undue Delay In This Action.

"Delay, by itself, no matter how lengthy, is not a sufficient reason for a court to deny a motion for leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir1981). In this action, there was barely any delay in moving to amend the Complaint, and certainly no delay that could be considered undue. Immediately upon Defendant

serving its Initial Disclosures, refusing to identify the third-party vendors who placed the actual calls to Plaintiff, the Plaintiff rejected the Initial Disclosures as insufficient. *See,* Exhibit B. After serving discovery demands in October of 2017, Plaintiff only obtained the identity of these entities in December of 2017. Under these circumstances, there can be no finding that the Plaintiff delayed in bringing the instant application to amend his Complaint.

### C. Defendant Cannot Claim Any Prejudice Would Be Caused By Plaintiff's Amendment Of His Complaint.

The main factor under any application to amend a Complaint is whether the non-moving party would be prejudiced. *See, Don v. Unum Grp.*, No. CV134502DSFVBKX, 2015 WL 12912322, at *1 (C.D. Cal. Mar. 26, 2015) citing *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). Therefore, the non-moving party bears the burden of establishing why the motion should not be granted. *Don v. Unum Grp.*, 2015 WL 12912322, at *1, citing *Senza–Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986) (applying Ninth Circuit law); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.1987) ("The party opposing amendment bears the burden of showing prejudice").

Prejudice exists where the amendment "will significantly hinder a defendant's ability to defend against the plaintiff's claims, as in cases where discovery has already

been completed or when the amendment will require relitigation of significant issues." *Argueta v. J.P. Morgan Chase*, No. CIV. 2:11-441 WBS, 2011 WL 4006686, at *1 (E.D. Cal. Sept. 8, 2011). In this action, there can be no prejudice to the Defendant where Plaintiff is moving to amend his Complaint by the date <u>agreed</u> between the parties in their Joint 26f Report.

Furthermore, discovery is still in the early stages and the amendment will not require relitigation of any issues. The Plaintiff is not seeking to assert any new claims against the Defendant. Instead, the Plaintiff will merely be asserting the same claims, already pled in this action as to Credit One, against the vendors retained by Credit One to actually make these calls. An amendment of the Plaintiff's pleadings to assert these allegations cannot possibly prejudice the Defendant as it will not require the expenditure of additional resources to defend this action or delay the resolution of this action. *See e.g., Mason v. Pepsico, Inc.*, No. CV 10-6675-RSWL VBXX, 2011 WL 166258, at *1 (C.D. Cal. Jan. 13, 2011)("Defendant will not be unduly prejudiced in granting Leave here in order for Plaintiff to add parties to this Action, as the Action is in the beginning stages of litigation and adding the proposed parties here will not affect the Court's jurisdiction").

### D. **Plaintiff's Motion To Amend Is Not Futile, Where The Plaintiff Clearly Has Stated A Prima Facie Violation Of The TCPA and RFDCPA.**

Ordinarily, courts do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend. *Wamboldt v. Safety-Kleen Sys.*, No. C 07-0884 PJH, 2007 WL 1342198, at *3 (N.D. Cal. May 7, 2007). Denials based on futility are rare. *See* Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* (2006) § 8:422. These challenges are usually deferred until after leave is granted and the amended pleading filed. *See, e.g., Netbula, LLC v. Distinct Corp.,* 212 F.R.D. 534, 549 (N.D.Cal.2003); *Abels v. JBC Legal Group, P.C.,* 229 F.R.D. 152, 157 (N.D.Cal.2005). Before discovery is complete, a proposed amendment is futile only if no set of facts can be proved under the amendment which would constitute a valid claim or defense. *See Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988).

The merits of the Plaintiff's claim, and of the allegations contained in the proposed Second Amended Complaint, are unquestionable, and – when taken as true - warrant a finding that the TCPA and RFDCPA was violated by the Defendant. These are the same claims alleged in the filed Complaint against Credit One, and are now simply being extended to the vendors who actually made the calls on Credit One's behalf. Accordingly, the Proposed First Amended Complaint is not futile, and Plaintiff should be permitted to make such amendment. Annexed hereto as Exhibit C is a copy of the Plaintiff's Proposed Amended Complaint.

### III.   GOOD CAUSE EXISTS TO GRANT PLAINTIFF'S MOTION.

This Court's Scheduling Order provides that "No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown." *See,* Docket 15, page 1.  It is respectfully submitted that such good cause certainly exists here.  As set forth in the proposed Amended Complaint, the Defendants would all call the eleven-year-old Plaintiff claiming to be 'Credit One Bank'.  *See,* Exhibit C, ¶71, 85.  The Plaintiff was thus unable to discern who was actually calling him, until Credit One gave up that information.

Although Plaintiff diligently served discovery demands seeking that information nearly three months ago, Plaintiff only obtained that information less than a month ago. herefore could not have included this allegation in his original Complaint. *See, Wilson v. Conair Corp., No.* CV11400894WBSSAB, 2016 WL 7742801, at *2 (E.D. Cal. Feb. 5, 2016) (finding 'good cause' established where the plaintiff "diligently filed her motion for leave to amend her Complaint on January 11, 2016—just one month after the deposition" where she uncovered the facts needed to make that amendment). As such, it is respectfully submitted that the Plaintiff has established 'good cause' for seeking to amend her Complaint.  *See, Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996)("The focus of the Rule 16 'good cause' inquiry is on the on the moving party's diligence, or lack thereof, in seeking amendment"); *Ross v. Bar None Enterprises Inc.*, No. 2:13-CV-00234-KJM, 2013 WL 5773354, at *2 (E.D. Cal. Oct. 24, 2013)("Because plaintiff acted diligently in seeking a stipulation shortly after

he learned of the potential class members and in seeking leave to amend this court's scheduling order, the court finds plaintiff has satisfied the 'good cause' requirement under Rule 16(b).").

Here, if the eleven-year-old Plaintiff is not permitted to amend his Complaint, he will be foreclosed from seeking recovery directly from these newly added Defendants, who each harassed him and invaded on his right to privacy. *See e.g.,* Exhibit C, ¶140 (alleging as against new party iEnergizer Holdings that "the Defendant harassed a young child on his cellular phone daily with up to nine calls per day, and over 114 calls in less than a one-month period – all after the Plaintiff advised the Defendant that he was just a kid, that Defendant was calling the wrong person, and to stop calling him"). It is therefore respectfully requested that the Plaintiff be permitted to amend his Complaint, so that these injuries do not go unredressed and so that these claims can be heard on the merits. *See e.g., Ross v. Bar None Enterprises Inc.*, No. 2:13-CV-00234-KJM, 2013 WL 5773354, at *2 (E.D. Cal. Oct. 24, 2013)("In exercising its discretion regarding granting or denying leave to amend a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities").

## IV. <u>CONCLUSION</u>

It is therefore respectfully requested that the Plaintiff be granted leave to file his Amended Complaint, together with such other and further relief as this Court deems just and proper.

Dated:  January 15, 2018

          MARCUS & ZELMAN, LLC

          /s/ Yitzchak Zelman_____
          Yitzchak Zelman, Esq.
          *Attorneys for Plaintiff, N.L., an infant by his mother and natural guardian SANDRA LEMOS*