**Jonathan A. Stieglitz, Esq.**
**(SBN 278028)**
**THE LAW OFFICES OF**
**JONATHAN A. STIEGLITZ**
**11845 W. Olympic Blvd., Ste. 800**
**Los Angeles, California 90064**
**Tel: (323) 979-2063**
**Fax: (323) 488-6748**
**Email:** jonathan.a.stieglitz@gmail.com

**Yitzchak Zelman, Esq.**
*Admitted Pro Hac Vice*
**MARCUS & ZELMAN, LLC**
**1500 Allaire Avenue, Suite 101**
**Ocean, New Jersey 07712**
**Tel: (732) 695-3282**
**Fax: (732) 298-6256**
**Email:** Yzelman@marcuszelman.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| **N.L., an infant by his mother and natural guardian SANDRA LEMOS,**<br><br>Plaintiff,<br><br>-against-<br><br>**CREDIT ONE BANK, N.A., GC SERVICES LIMITED PARTNERSHIP, IENERGIZER HOLDINGS, LIMITED, and FIRST CONTACT, LLC a/k/a IQOR HOLDINGS, INC,**<br><br>Defendants | **Civil Case No.: 2:17-cv-01512-JAM-DB**<br><br>**AMENDED COMPLAINT**<br>**and**<br>**JURY TRIAL DEMAND**<br><br><u>**CIVIL ACTION**</u> |

Plaintiffs **N.L.,** an infant by his mother and natural guardian **SANDRA LEMOS** ("Plaintiff"), by and through their attorneys, Marcus & Zelman, LLC, brings this Amended Complaint against the Defendant CREDIT ONE BANK, N.A., GC SERVICES LIMITED PARTNERSHIP, IENERGIZER HOLDINGS, LIMITED, and FIRST CONTACT, LLC a/k/a IQOR HOLDINGS, INC. (hereinafter referred to as "Defendants"), and respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff N.L. is an eleven-year-old child who has inexplicably become the target of incessant and relentless collection calls made by Credit One Bank and the dialing vendors it employs. As Plaintiff is a minor, he appears in this action by and through his mother and natural guardian Sandra Lemos, seeking damages and declaratory and injunctive relief arising from the Defendant's violations under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2. The Plaintiff previously named Credit One Bank, N.A. as the Defendant in this action, as the incessant callers would always identify themselves as calling from Credit One Bank. In discovery, Plaintiff has learned that Credit One Bank contracted with iEnergizer Holdings, Limited ("iEnergizer"), GC Services Limited Partnership ("GC Services") and First Contact, LLC ("First

Contact") to actually make these calls.  Plaintiff now amends his Complaint to name these entities, who contracted to place, and in fact placed, the actual unwanted calls to his cellular phone.

3.  Plaintiffs further seek damages as a result of the Defendant's invasion of his privacy and right to seclusion, as well as damages pursuant to the Rosenthal Fair Debt Collection Practices Act, codified at Cal. Civ. Code § 1788 *et seq.*

4.  The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent.  Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

5.  In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that

"[i]individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9).  Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

## **PARTIES**

6.  Plaintiff N.L. is a minor who resides in Placer County, California.

7.  Plaintiff Sandra Lemos is the mother and natural guardian of Plaintiff N.L., who also resides in Placer County, California.

8.  Defendant Credit One Bank, N.A. is a national banking association with its corporate headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119.

9.  Defendant First Contact, LLC is a limited liability company with its principal place of business located at 200 Central Ave, 7th Floor, St. Petersburg, Florida 33701, and is also known as iQor Holdings, Inc, which wholly owns First Contact, LLC.

10. Defendant GC Services Limited Partnership is a limited partnership with its principal place of business located at 6330 Gulfton, Houston, TX 77081

11. Defendant iEnergizer Holdings, Limited, is a corporation headquartered in

India, with its principal place of business located at a-37, Sector 60, Noida – 201 301, UP, India.

## JURISDICTION AND VENUE

12. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACTS

14. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

15. On information and belief, on a date better known to the Defendant, Defendant Credit One Bank, N.A. began its campaign of communicating with the minor Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling the Plaintiff's cellular telephone phone number of (xxx) xxx-9847 on dozens of occasions.

16. Upon information and belief, Credit One Bank, N.A. also hired outside vendors, including Defendants GC Services, iEnergizer and First Contact, to place auto-dialed calls, on Credit One Bank's behalf and at Credit One Bank's behest, to the Plaintiff's cellular phone number of (xxx) xxx-9847.

17. Upon information and belief, Credit One Bank, N.A. knew that GC Services,

iEnergizer and First Contact were utilizing prerecorded voice messages, as well as automated and predictive dialers that are encompassed within the scope of the TCPA, in contacting the Plaintiff's cellular phone, even before it directed that calls be placed to the Plaintiff's cellular phone.

18. Upon information and belief, Credit One Bank, N.A. in fact directed GC Services, iEnergizer and First Contact to use prerecorded voice messages, as well as automated and predictive dialers that are encompassed within the scope of the TCPA, to contact the Plaintiff's cellular phone.

19. Defendant Credit One Bank is vicariously and directly liable for the calls made to the Plaintiff's cellular phone on Credit One Bank's behalf by GC Services, iEnergizer and First Contact.

20. Defendants' calls and prerecorded messages called and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii), as the Defendant lacked any prior express consent of the Plaintiff to receive such automated and pre-recorded voice messages on his cellular phone.

21. Plaintiff is the customary and sole user of the cellular phone number (xxx) xxx-9847.

22. The Defendant called from numerous phone numbers, including but not limited to (916)461-5127, and (916)461-5128.

23. Plaintiff confirmed that these phone numbers belong to Defendant by calling these numbers and being connected with an automated voice stating "Thank you for calling Credit One Bank."

24. Defendant specifically used an automated telephone dialing system to call the Plaintiff on his cell phone six times each on February 23 and February 28, 2017, amongst numerous other dates.

25. Defendant's use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of six or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

26. The Plaintiff never gave the Defendant his prior, express permission to call his cell phone via the use of an automated telephone dialing system or prerecorded voice.

27. The eleven-year-old Plaintiff has never had a business relationship with the Defendant and has never provided the Defendant with his phone number.

28. Plaintiff had no wish to be contacted on his cell phone via the use of an autodialer or prerecorded voice, and expressly directed Defendant to stop calling his cell phone number on numerous occasions.

29. On February 21, 2017, the minor Plaintiff spoke with a male customer service representative of the Defendant.

30. On February 21, 2017, the Plaintiff specifically advised the Defendant that he was a kid, they were calling the wrong party, that he had no account with Credit One Bank, and that the Defendant should cease calling him.

31. The Defendant completely ignored Plaintiff's pleas to stop calling his cellular phone and continued to place dozens of prerecorded voice messages and calls to the Plaintiff's cellular phone via the use of an automated telephone dialing system.

32. By placing auto-dialed calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service.

33. Plaintiff suffered actual damages because the Defendant's calls to his cell phone deprived him of the use of his cellular phone during the times that the Defendant was calling his cellular phones, depleted battery life of the cellular telephone, and invaded on the Plaintiff's right to privacy and seclusion, which was the very harm that Congress sought to prevent by enacting the TCPA.

34. The Defendant's repeated calls further caused the Plaintiff to be harassed,

stressed, frustrated and annoyed. The Defendant's repeated calls interrupted the Plaintiff's day and wasted the Plaintiff's time spent answering and otherwise addressing these repeated phone calls.

35. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

36. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## FIRST CAUSE OF ACTION

## (Violations Of The TCPA By Credit One Bank)

37. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

38. Upon information and belief, Credit One Bank, N.A. also hired outside vendors, including – but not limited to - Defendants GC Services Limited Partnership, iEnergizer Holdings, Limited, and First Contact, LLC a/k/a Iqor Holdings, Inc. to place calls, on Credit One Bank's behalf and at Credit One Bank's behest, to the Plaintiff's cellular phone number of (xxx) xxx-9847.

39. Upon information and belief, Credit One Bank, N.A. knew that GC Services Limited Partnership, iEnergizer Holdings, Limited, and First Contact, LLC a/k/a Iqor Holdings, Inc. were utilizing prerecorded voice messages, as well

as automated and predictive dialers that are encompassed within the scope of the TCPA, in contacting the Plaintiff's cellular phone, even before it directed that calls be placed to the Plaintiff's cellular phone.

40. Upon information and belief, Credit One Bank, N.A. in fact sanctioned the use of prerecorded voice messages, as well as automated and predictive dialers that are encompassed within the scope of the TCPA - used by GC Services Limited Partnership, iEnergizer Holdings, Limited, and First Contact, LLC a/k/a Iqor Holdings, Inc. - to contact the Plaintiff's cellular phone.

41. Defendant Credit One Bank is vicariously and directly liable for the calls made to the Plaintiff's cellular phone on Credit One Bank's behalf by the dialer vendors it employed, including – but not limited to - GC Services Limited Partnership, iEnergizer Holdings, Limited, and First Contact, LLC a/k/a Iqor Holdings, Inc.

42. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii), as the Defendant lacked any prior express consent of the Plaintiff to receive such automated and pre-recorded voice messages on her cellular phone.

43. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff

is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

44. The Defendant's violations of the TCPA were also willful, because Credit One knew that it was calling a cellular phone number for which it did not have consent for, and continued placing calls to that phone number anyway.

45. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## SECOND CAUSE OF ACTION

### (Violations Of The Rosenthal Fair Debt Collection Practices Act by Credit One Bank)

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Cal. Civ. Code §1788.17 mandates that every person or entity collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations

contained within the FDCPA, 15 U.S.C. § 1692 et seq.

48. Pursuant to 15 USC §1692c, a debt collector may not communicate with a third party in connection with the collection of a debt owed by a consumer, with a limited exception for calls made to obtain or confirm location information, which exception is governed by 15 USC §1692b.

49. Pursuant to 15 USC §1692b(3), any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

50. Thus, under 15 USC §1692b(3) and 15 USC §1692c, the Defendant was only allowed to communicate with the Plaintiff once, and solely in order to obtain location information regarding the debtor it was attempting to reach.

51. Instead, the Defendant placed dozens of calls to the Plaintiff in an attempt to reach an unrelated debtor, all after the Plaintiff clearly and expressly advised the Defendant that he was not that person, in direct violation of the FDCPA and RFDCPA.

52. Pursuant to 15 USC §1692d(5), a debt collector is prohibited from causing a

telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

53. Cal. Civ. Code §1788.11(d) similarly prohibits debt collectors from causing a telephone to ring repeatedly or continuously to annoy the person called.

54. Cal. Civ. Code §1788.11(e) further prohibits debt collector from communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

55. Defendant's actions violated the foregoing provisions of the FDCPA and RFDCPA by placing over 85 calls to the minor Plaintiff in a one-month period of time, at a rate of six or more calls per day – and up to nine calls in one day - all in an attempt to collect a debt from an unrelated person.  For example, on March 13, 2017, the Defendant called the minor Plaintiff nine times in less than seven hours, and three times in less than forty minutes.

56. Defendant's actions, listed above, violated the RFDCPA and FDCPA, and were done knowingly and willfully, all after the Plaintiff specifically advised the Defendant that he was a kid and not the debtor that the Defendant was seeking.

57. As a direct and proximate result of Defendant's violations of the RFDCPA

and FDCPA, Plaintiff was harmed, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30.

## THIRD CAUSE OF ACTION

**(Invasion Of Privacy By Intrusion Upon Seclusion By Credit One Bank)**

58. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

59. Defendant invaded the minor Plaintiff's privacy and intruded upon his right to seclusion, by placing an obscene amount of phone calls to the minor Plaintiff's cellular phone, all in an attempt to collect a debt from an unrelated debtor.

60. Plaintiff has a reasonable expectation of privacy on his cellular phone, and to be left alone and not harassed by a credit card company mindlessly attempting to cow some unknown party into paying their debt.

61. As an eleven-year-old child, the Plaintiff should not have to be subjected to the Defendant's reprehensible collection tactics, particularly when he has zero relationship with Defendant.

62. The Defendant's actions are highly offensive to any reasonable person: to

repeat, the Defendant harassed a young child on his cellular phone with up to nine calls per day, and over 85 calls in a one-month period – all after the Plaintiff advised the Defendant that he was just a kid, that Defendant was calling the wrong person, and to stop calling him.

63. As a result of the Defendant's unreasonable conduct, the Defendant violated the Plaintiff's right to seclusion and invaded on his privacy. *See e.g., Varnado v. Midland Funding LLC*, 43 F. Supp. 3d 985, 992 (N.D. Cal. 2014)(finding that "repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion" and denying motion to dismiss where collection agency called debtor "3 to 5 times a day for two months totaling approximately 185 to 300 times, despite Plaintiff's repeated requests for the calls to stop").

64. As a result of the Defendant's actions, the Plaintiff has been harmed, and is entitled to damages, in an amount to be determined at trial.

## **FOURTH CAUSE OF ACTION**

## **(Violations Of The TCPA By GC Services)**

65. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

66. Defendant Credit One Bank contracted with GC Services to place numerous

calls and prerecorded messages to the Plaintiff's cellular phone number of (xxx) xxx-9847.

67. Pursuant to its contract with Credit One Bank, Defendant GC Services began its campaign of communicating with the Plaintiff directly or via its subcontractor, using an automated telephone dialing system and prerecorded messages throughout 2017 by calling the Plaintiff's cell phone number of (xxx) xxx-9847 numerous times.

68. GC Services used the Unified Aspect 6.7 dialing system, a system that functions and operates as a predictive dialer, to place these calls to Plaintiff.

69. GC Services' use of an automated telephone dialing system was further clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of six or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

70. GC SERVICES specifically used an automated telephone dialing system and prerecorded messages to call the Plaintiff on his cell phone number of (xxx) xxx-9847 **seven times each** on March 21, 2017 and March 24, 2017, amongst numerous other dates.

71. GC SERVICES called from numerous phone numbers, masquerading and

identifying itself as Credit One Bank.

72. The Plaintiff never gave any of the Defendants his prior, express permission to call her cell phone via the use of an automated telephone dialing system.

73. As the party responsible for actually dialing and placing a large number of the automated calls and pre-recorded voice messages placed to the Plaintiff in violation of the TCPA, Defendant GC SERVICES is liable to Plaintiff for any such calls it placed to Plaintiff.

74. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

75. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff were further in willful violation of the TCPA, because the Defendant knew or should have known that it was calling the wrong phone number when it placed calls to the Plaintiff's cellular phone number of (xxx) xxx-9847.   In fact, Defendant's own records reflect numerous 'wrong number' notations, and calls placed after those notations were made.

76. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

77. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

78. As a result of Defendant's willful violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## **FIFTH CAUSE OF ACTION**

### (*Violations of the TCPA By Defendant IEnergizer*)

79. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs herein with the same force and effect as if the same were set forth at length herein.

80. Defendant Credit One Bank contracted with IEnergizer (hereinafter "IEnergizer") to place numerous calls and prerecorded messages to the Plaintiff's cellular phone number of (xxx) xxx-9847.

81. Pursuant to iEnergizer's contract with Credit One Bank, Defendant IEnergizer began its campaign of communicating with the Plaintiff directly or via its subcontractor, using an automated telephone dialing system and prerecorded messages throughout 2017 by calling the Plaintiff's cell phone number of (xxx) xxx-9847 numerous times.

82. GC Services used the Unified Aspect 7.3 dialing system, a system that functions and operates as a predictive dialer, to place these calls to Plaintiff.

83. Defendants' use of an automated telephone dialing system was further clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of several or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

84. IEnergizer specifically used an automated telephone dialing system and prerecorded messages to call the Plaintiff on her cell phone number of (xxx) xxx-9847 **eight times each** on March 13, 2017 and March 14, 2017, amongst numerous other dates.

85. IEnergizer called from numerous phone numbers, masquerading and identifying itself as Credit One Bank.

86. The Plaintiff never gave any of the Defendants her prior, express permission to call her cell phone via the use of an automated telephone dialing system.

87. As the party responsible for actually dialing and placing a large number of the automated calls and pre-recorded voice messages placed to the Plaintiff in violation of the TCPA, Defendant IEnergizer is liable to Plaintiff for any such calls it placed to Plaintiff.

88. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

89. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff were further in willful violation of the TCPA, because the Defendant knew or should have known that it was calling the wrong phone number when it placed calls to the Plaintiff's cellular phone number of (xxx) xxx-9847.

90. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

91. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

92. As a result of Defendant's willful violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## SIXTH CAUSE OF ACTION

### (Violations Of The Rosenthal Act by GC Services)

93. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

94. Cal. Civ. Code §1788.17 mandates that every person or entity collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

95. Pursuant to 15 USC §1692c, a debt collector may not communicate with a third party in connection with the collection of a debt owed by a consumer, with a limited exception for calls made to obtain or confirm location information, which exception is governed by 15 USC §1692b.

96. Pursuant to 15 USC §1692b(3), any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete

location information.

97. Thus, under 15 USC §1692b(3) and 15 USC §1692c, GC SERVICES was only allowed to communicate with the Plaintiff <u>once</u>, and solely in order to obtain location information regarding the debtor it was attempting to reach.

98. Instead, GC SERVICES placed numerous calls to the Plaintiff in an attempt to reach an unrelated debtor, all after the Plaintiff clearly and expressly advised GC SERVICES that he was not that person, in direct violation of the FDCPA and RFDCPA.

99. Pursuant to 15 USC §1692d(5), a debt collector is prohibited from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

100.    Cal. Civ. Code §1788.11(d) similarly prohibits debt collectors from causing a telephone to ring repeatedly or continuously to annoy the person called.

101.    Cal. Civ. Code §1788.11(e) further prohibits debt collectors from communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

102.    Defendant's actions violated the foregoing provisions of the FDCPA

and RFDCPA by placing numerous calls to the Plaintiff who Defendant knew was not the debtor it was trying to contact.

103.     Defendant's actions, listed above, violated the RFDCPA and FDCPA, and were done knowingly and willfully, all after the Plaintiff specifically advised the Defendant that she was not the debtor that the Defendant was seeking.

104.     As a direct and proximate result of Defendant's violations of the RFDCPA and FDCPA, Plaintiff was harmed, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30.

## SEVENTH CAUSE OF ACTION

### (Violations Of The Rosenthal Act by First Contact)

105.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

106.     Cal. Civ. Code §1788.17 mandates that every person or entity collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to

the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

107.     Pursuant to 15 USC §1692c, a debt collector may not communicate with a third party in connection with the collection of a debt owed by a consumer, with a limited exception for calls made to obtain or confirm location information, which exception is governed by 15 USC §1692b.

108.     Pursuant to 15 USC §1692b(3), any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

109.     Thus, under 15 USC §1692b(3) and 15 USC §1692c, First Contact was only allowed to communicate with the Plaintiff once, and solely in order to obtain location information regarding the debtor it was attempting to reach.

110.     Instead, First Contact placed numerous calls to the Plaintiff in an attempt to reach an unrelated debtor, all after the Plaintiff clearly and expressly advised First Contact that he was not that person, in direct violation

of the FDCPA and RFDCPA.

111.    Pursuant to 15 USC §1692d(5), a debt collector is prohibited from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

112.    Cal. Civ. Code §1788.11(d) similarly prohibits debt collectors from causing a telephone to ring repeatedly or continuously to annoy the person called.

113.    Cal. Civ. Code §1788.11(e) further prohibits debt collectors from communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

114.    Defendant's actions violated the foregoing provisions of the FDCPA and RFDCPA by placing numerous calls to the Plaintiff who Defendant knew was not the debtor it was trying to contact.

115.    Defendant's actions, listed above, violated the RFDCPA and FDCPA, and were done knowingly and willfully, all after the Plaintiff specifically advised the Defendant that she was not the debtor that the Defendant was seeking.

116.    As a direct and proximate result of Defendant's violations of the

RFDCPA and FDCPA, Plaintiff was harmed, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30.

## EIGHTH CAUSE OF ACTION

### (Violations Of The Rosenthal Act by IEnergizer)

117.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

118.    Cal. Civ. Code §1788.17 mandates that every person or entity collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

119.    Pursuant to 15 USC §1692c, a debt collector may not communicate with a third party in connection with the collection of a debt owed by a consumer, with a limited exception for calls made to obtain or confirm location information, which exception is governed by 15 USC §1692b.

120.    Pursuant to 15 USC §1692b(3), any debt collector communicating with any person other than the consumer for the purpose of acquiring

location information about the consumer shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

121.    Thus, under 15 USC §1692b(3) and 15 USC §1692c, the Defendant was only allowed to communicate with the Plaintiff <u>once</u>, and solely in order to obtain location information regarding the debtor it was attempting to reach.

122.    Instead, the Defendant placed dozens of calls to the Plaintiff in an attempt to reach an unrelated debtor, all after the Plaintiff clearly and expressly advised the Defendant that she was not that person, in direct violation of the FDCPA and RFDCPA.

123.    Pursuant to 15 USC §1692d(5), a debt collector is prohibited from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

124.    Cal. Civ. Code §1788.11(d) similarly prohibits debt collectors from causing a telephone to ring repeatedly or continuously to annoy the person called.

125.     Cal. Civ. Code §1788.11(e) further prohibits debt collectors from communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

126.     Defendant's actions violated the foregoing provisions of the FDCPA and RFDCPA by placing numerous calls to the Plaintiff, despite knowing that Plaintiff was not the debtor it was trying to reach.

127.     Defendant's actions, listed above, violated the RFDCPA and FDCPA, and were done knowingly and willfully, all after the Plaintiff specifically advised the Defendant that she was not the debtor that the Defendant was seeking.

128.     As a direct and proximate result of Defendant's violations of the RFDCPA and FDCPA, Plaintiff was harmed, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30.

## NINTH CAUSE OF ACTION

**(Invasion Of Privacy By Intrusion Upon Seclusion By GC Services)**

129.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were

set forth at length herein.

130.     Defendant invaded the minor Plaintiff's privacy and intruded upon his right to seclusion, by placing an obscene amount of phone calls to the minor Plaintiff's cellular phone, all in an attempt to collect a debt from an unrelated debtor.

131.     Plaintiff has a reasonable expectation of privacy on his cellular phone, and to be left alone and not harassed by a credit card company mindlessly attempting to cow some unknown party into paying their debt.

132.     As an eleven-year-old child, the Plaintiff should not have to be subjected to the Defendant's reprehensible collection tactics, particularly when he has zero relationship with Defendant.

133.     The Defendant's actions are highly offensive to any reasonable person: GC Services specifically harassed a young child on his cellular phone day after day, with up to seven calls per day, and over 40 calls in an eight day period – all after the Plaintiff advised the Defendant that he was just a kid, that Defendant was calling the wrong person, and to stop calling him.

134.     As a result of the Defendant's unreasonable conduct, the Defendant violated the Plaintiff's right to seclusion and invaded on his privacy. *See e.g., Varnado v. Midland Funding LLC*, 43 F. Supp. 3d 985, 992 (N.D. Cal.

2014)(finding that "repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion" and denying motion to dismiss where collection agency called debtor "3 to 5 times a day for two months totaling approximately 185 to 300 times, despite Plaintiff's repeated requests for the calls to stop").

135.    As a result of the Defendant's actions, the Plaintiff has been harmed, and is entitled to damages, in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

### (Invasion Of Privacy By Intrusion Upon Seclusion By iEnergizer)

136.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

137.    Defendant invaded the minor Plaintiff's privacy and intruded upon his right to seclusion, by placing an obscene amount of phone calls to the minor Plaintiff's cellular phone, all in an attempt to collect a debt from an unrelated debtor.

138.    Plaintiff has a reasonable expectation of privacy on his cellular phone, and to be left alone and not harassed by a credit card company mindlessly attempting to cow some unknown party into paying their debt.

139.    As an eleven-year-old child, the Plaintiff should not have to be

subjected to the Defendant's reprehensible collection tactics, particularly when he has zero relationship with Defendant.

140.    The Defendant's actions are highly offensive to any reasonable person: specifically, the Defendant harassed a young child on his cellular phone daily with up to nine calls per day, and over 114 calls in less than a one-month period – all after the Plaintiff advised the Defendant that he was just a kid, that Defendant was calling the wrong person, and to stop calling him.

141.    As a result of the Defendant's unreasonable conduct, the Defendant violated the Plaintiff's right to seclusion and invaded on his privacy.  *See e.g., Varnado v. Midland Funding LLC*, 43 F. Supp. 3d 985, 992 (N.D. Cal. 2014)(finding that "repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion" and denying motion to dismiss where collection agency called debtor "3 to 5 times a day for two months totaling approximately 185 to 300 times, despite Plaintiff's repeated requests for the calls to stop").

142.    As a result of the Defendant's actions, the Plaintiff has been harmed, and is entitled to damages, in an amount to be determined at trial.

### ELEVENTH CAUSE OF ACTION

**(Invasion Of Privacy By Intrusion Upon Seclusion By First Contact)**

143.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

144.     Defendant invaded the minor Plaintiff's privacy and intruded upon his right to seclusion, by placing an obscene amount of phone calls to the minor Plaintiff's cellular phone, all in an attempt to collect a debt from an unrelated debtor.

145.     Plaintiff has a reasonable expectation of privacy on his cellular phone, and to be left alone and not harassed by a credit card company mindlessly attempting to cow some unknown party into paying their debt.

146.     As an eleven-year-old child, the Plaintiff should not have to be subjected to the Defendant's reprehensible collection tactics, particularly when he has zero relationship with Defendant.

147.     The Defendant's actions are highly offensive to any reasonable person: to repeat, the Defendant harassed a young child on his cellular phone with up to five calls per day, and over 25 calls in a two-month period – all after the Plaintiff advised the Defendant that he was just a kid, that Defendant was calling the wrong person, and to stop calling him.

148.    As a result of the Defendant's unreasonable conduct, the Defendant violated the Plaintiff's right to seclusion and invaded on his privacy.  *See e.g., Varnado v. Midland Funding LLC*, 43 F. Supp. 3d 985, 992 (N.D. Cal. 2014)(finding that "repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion" and denying motion to dismiss where collection agency called debtor "3 to 5 times a day for two months totaling approximately 185 to 300 times, despite Plaintiff's repeated requests for the calls to stop").

149.    As a result of the Defendant's actions, the Plaintiff has been harmed, and is entitled to damages, in an amount to be determined at trial.

## DEMAND FOR TRIAL BY JURY

150.    Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:

A.  For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

B.    Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

C.    Plaintiff requests actual and statutory damages, along with attorneys' fees and costs, for the Defendant's violations of the RFDCPA and FDCPA.

D.    Plaintiff requests actual and punitive damages for the Defendant's invasion of his privacy and violation of his right to seclusion.

E.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: January 15, 2018

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.,
*Admitted Pro Hac Vice*
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone:    (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff

/s/ Jonathan A. Stieglitz
JONATHAN A. STIEGLITZ
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Ste. 800
Los Angeles, California 90064

Telephone: (323) 979-2063
Facsimile: (323) 488-6748