1  **CARLSON & MESSER LLP**
   David J. Kaminski (SBN 128509)
   kaminskid@cmtlaw.com
2  Alex A. Wade (SBN 304022)
   wadea@cmtlaw.com
3  5901 W. Century Boulevard, Suite 1200
   Los Angeles, CA 90045
4  Telephone: (310) 242-2200
   Facsimile: (310) 242-2222
5  *Attorneys for Defendant,*
   *CREDIT ONE BANK, N.A.*
6

7
   **UNITED STATES DISTRICT COURT**
   **EASTERN DISTRICT OF CALIFORNIA**
8

9  | N.L. an infant by his mother and natural guardian SANDRA LEMOS, | Case No. 2:17-cv-01512- JAM-DB |
10 | | |
   | Plaintiff, | **OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
11 | | |
12 | v. | |
   | | Date:      February 13, 2018 |
13 | CREDIT ONE BANK, N.A., | Time:      1:30 p.m. |
   | | Courtroom: 6 |
14 | Defendant. | Judge:     Hon. John A. Mendez |
15

16

17      Defendant, CREDIT ONE BANK, N.A ("Defendant"), respectfully submits the following

18 Memorandum of Points and Authorities in opposition to Plaintiff N.L. an infant by his mother and natural

19 guardian SANDRA LEMOS ("Plaintiff")'s Motion for Leave to File Amended Complaint.  For the

20 reasons that follow, Defendant respectfully requests that Plaintiff's Motion for Leave be denied.

21                    **MEMORANDUM OF POINTS AND AUTHORITIES**

22 **I.    Introduction**

23      Plaintiff seeks leave to file his Amended Complaint to add three other parties – GC

24 Services Limited Partnership, iEnergizer Holdings, Limited and First Contact, LLC a/k/a iQor

25 Holdings, Inc.  Per this Court's Status (Pre-trial Scheduling) Order dated September 27, 2017

26 (Docket No. 13) ("Scheduling Order"), "no further joinder of parties or amendments to

27 pleadings is permitted except with leave of court, good cause having been shown."  This

28 court's Scheduling Order further states on page 2, lines 4-5 "This action, including any

1  counterclaims, cross claims, and third party complaints is hereby DISMISSED as to all DOE

2  or other fictitiously-named defendants."

3      In order for leave to be granted, Plaintiff first has to demonstrate that he is entitled to

4  modification of the Scheduling Order under Fed. R. Civ. P. 16 before any motion to amend

5  under Fed. R. Civ. P. 15 should be considered. His motion addresses whether or not leave to

6  amend should be granted under Fed. R. Civ. P. 15 but barely addresses his delay in moving to

7  amend, and therefore, fails to demonstrate good cause under Fed. R. Civ. P. 16 and this Court's

8  Scheduling Order. Regardless, under Fed. R. Civ. P. 15, Defendant, as well as the new

9  defendants proposed in the Amended Complaint, would be prejudiced by these new parties'

10  late entry into this lawsuit.

11  **II.  Key Dates**

12      **A. Plaintiff Filed His Complaint on July 18, 2017, Almost Six Months Prior to**

13      **Filing His Motion for Leave to Amend His Complaint**

14      Based on Plaintiff's Complaint, and as admitted in Plaintiff's Motion for Leave to

15  Amend His Complaint (Document 16-1, 1:6-12), Plaintiff contends that he knew the calls were

16  not actually placed by Defendant but rather by third-party dialer vendors. Based on these

17  admissions, Plaintiff unequivocally knew of the existence of the third party vendors prior to

18  the filing of this suit but failed to properly investigate the identity of these vendors.

19      **B. This Court's Deadline to Amend Pleadings Except with Leave of Court (Good**

20      **Cause Having Been Shown) Was September 28, 2017, Three and a Half Months**

21      **Prior to Plaintiff Filing His Motion for Leave to Amend His Complaint**

22      This Court' Scheduling Order dated September 27, 2017 (Docket No. 13) specifically

23  states: "no further joinder of parties or amendments to pleadings is permitted except with leave

24  of court, good cause having been shown." This court's Scheduling Order further states on

25  page 2, lines 4-5 "This action, including any counterclaims, cross claims, and third party

26  complaints is hereby DISMISSED as to all DOE or other fictitiously-named defendants."

27  ///

28

Plaintiff filed this Motion for Leave three and a half months after the Court's Scheduling Order. As previously stated, Plaintiff knew of the existence of the third party vendors as early as the filing of his Complaint, and certainly before the Scheduling Order and did nothing to move this issue forward.

### C. Defendant Served Responses to Plaintiff's Interrogatories on December 4, 2017 — Almost a Month And a Half Before Plaintiff Filed the Motion for Leave to Amend His Complaint

On December 4, 2017, Defendant served responses to Plaintiff's First Set of Interrogatories, Requests for Admission and Requests for Production. Defendant's response to Plaintiff's Interrogatory No. 4 clearly identified iEnergizer, GC Services and First Contact. Therefore, Plaintiff was on notice of the existence of Defendant's third party vendors almost a month and a half before the filing of this motion.

## III.   Argument

### A.   Plaintiff Was Dilatory in Bringing His Motion and It Should Be Denied

After the deadline to hear motions for amending pleadings contained in a court's pretrial scheduling order lapses, Federal Rule of Civil Procedure 16(b) controls a party's ability to modify the scheduling order and amend its pleadings. *See, e.g., Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (explaining that Rule 16 is the proper standard where the court "had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend."). This procedural posture requires a party to first move to amend the scheduling order before it will be permitted to amend its pleadings. *Primerica Life Ins. Co. v. Rodriguez*, 2012 WL 893486, at *1 (C.D. Cal. March 14, 2012) ("once the scheduling order is in place, the court must modify the scheduling order to permit an amendment.").

The party seeking amendment must show good cause for its inability to meet the deadline by demonstrating that the deadline could not reasonably be met in spite of the moving party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party

1  seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good

2  cause' standard primarily considers the diligence of the party seeking the amendment."); *see*

3  *also Primerica Life Ins. Co.*, 2012 WL 893486, at *2 ("while the court may consider the

4  'existence or degree of prejudice' to the opposing party, the focus of the court's inquiry is

5  upon the moving party's explanation for failure to timely move for leave to amend.") (citation

6  omitted). A court should deny a motion for leave to amend if the moving party was not diligent.

7  *Johnson*, 975 F. 2d at 609.  "As the Ninth Circuit has instructed, where the court finds that the

8  party moving to modify a Rule 16 scheduling order was not diligent, the inquiry should end."

9  *De Leon v. Burkett's Pool Plastering, Inc.*, No. 12-CV-02740 TLN-EFB, 2014 WL 651907, at

10  *3 (E.D. Cal. Feb. 19, 2014).

11       In evaluating undue delay, the Court is to inquire "whether the moving party knew or

12  should have known the facts and theories raised by the amendment in the original pleading."

13  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006).

14       Per the key dates above, it is apparent that Plaintiff knew or should have known of the

15  existence of any third party vendors, as early as July 18, 2017, the date Plaintiff filed his

16  Complaint.  As such, Plaintiff had more than enough time to timely investigate and file his

17  Complaint, listing the third party vendors as defendants.

18       Further, Plaintiff waited almost three and a half months after the Court's Scheduling

19  Order to file this Motion for Leave to Amend Complaint.  As previously stated, Plaintiff knew

20  of the existence of the third party vendors as early as the filing of his Complaint, and certainly

21  before the Scheduling Order.

22       Lastly, Defendant clearly identified iEnergizer, GC Services and First Contact in its

23  response to Plaintiff's Interrogatory No. 4 served on December 4, 2017.  Therefore, Plaintiff

24  was on notice of the existence of the Defendant's third party vendors almost a month and a

25  half before the filing of this motion

26       In *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-CV-01927-WHO, 2013

27  WL 4426493, at *1 (N.D. Cal. Aug. 15, 2013), the Court denied a motion to modify the

28  scheduling order and motion for leave to file First Amended Complaint brought six months

after the deadline for amending pleadings.   In that case the Court held the plaintiff "discovered" facts underlying the proposed claims more than four months before filing the Motion, and granting the motion would reopen discovery, add new claims and delay the trial, prejudicing the defendant.   This Court denied leave to amend, applying the more liberal Rule 15 standard rather than the Rule 16 standard.

As stated in *Rooney*, "Plaintiff does not adequately explain why he waited nearly three months from SPW's May 3, 2011 document production, when Plaintiff had received nearly all of the documents he requested and had sufficient information to amend the complaint, until July 21, 2011." *Rooney*, 2011 WL 5034675, at *7. *See also Consol. Credit Agency v. Equifax, Inc.,* No. CV 03-01229 CAS(CWX), 2004 WL 5644363, at *20 (C.D. Cal. Aug. 5, 2004) (holding fact that CCA may have gained additional evidence   [that was the subject of a discovery dispute] in support of such a claim after the last date to add claims pursuant to the scheduling order does not excuse CCA's lack of diligence in failing to timely move for leave to amend the complaint").

**B. Amending the Scheduling Order at this Late Date Would Prejudice Defendant Under Rule 16**

In addition to a lack of diligence, "prejudice to the party opposing the modification" may supply additional reasons to deny modification of the scheduling order. *Johnson*, 975 F.2d 609.   Such prejudice in the form of additional discovery argues against good cause under Fed. R. Civ. P. 16.   *See Gonzalez v. City of Fresno*, No. 106-CV-01751-OWW-TAG, 2009 WL 2208300, at *11 (E.D. Cal. July 23, 2009) (*citing Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).   Therefore, if Plaintiff's Motion is granted, there will likely be substantial additional discovery.   Such prejudice argues against modifying the current Scheduling Order.

**C. Plaintiff's Motion Should Still Fail Even Under the More Liberal Rule 15 Standard**

None of the information Plaintiff seeks to add is new, nor recently discovered. Plaintiff's Motion should be denied due to undue delay, bad faith and dilatory conduct on the

1  part of Plaintiff, undue prejudice to Defendant, and because the proposed Amended Complaint

2  would be futile.

3    Although Fed. R. Civ. P. 15(a)(2) provides that leave to amend pleadings shall be freely

4  given when justice so requires, "leave to amend is by no means automatic." (*Layfield v. Bill*

5  *Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979); *Graham v. Runnels*, 2011 WL

6  284997 at *7 (E.D. Cal. Jan. 25, 2011); see also *Jackson v. Bank of Hawaii*, 902 F.2d 1385,

7  1387 (9th Cir. 1990) ("leave to amend is not to be granted automatically.")

8    As held by the Ninth Circuit, "[l]ate amendments to assert new theories are not reviewed

9  favorably when the facts and the theory *have been known to the party seeking amendment*

10 *since the inception of the cause of action*." (*Acri v. International Ass'n of Machinists*, 781

11 F.2d 1393, 1398 (9th Cir. 1986).)  It is not an abuse of discretion to deny leave to amend under

12 such circumstances.  (See e.g. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).)

13 **i.  Undue Delay**

14   In assessing whether there is undue delay, the Court must ask "whether the moving

15 party knew or should have known the facts and theories raised by the amendment in the original

16 pleading." (*AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006);

17 *Cornell v. Columbus McKinnon Corp.*, No. 13-CV-02188-SI, 2015 WL 3453902 at *2 (N.D.

18 Cal. May 29, 2015).)

19   As previously stated, Plaintiff knew of the existence of the third party vendors as early

20 as the filing of his Complaint, and certainly before the Scheduling Order.  Further, Plaintiff

21 had more than sufficient information after Defendant's response to Plaintiff's Interrogatory

22 No. 4 served on December 4, 2017, clearly identifying iEnergizer, GC Services and First

23 Contact but waited almost a month and a half before the filing of this motion

24 **ii.  Prejudice to Defendant**

25   Although there is no precise definition for prejudice under Rule 15, prejudice is

26 generally found where the amendment would cause substantial delay in the proceedings.

27 *Harris v. Vector Marketing Corp.*, 2009 WL 3710696, at *2 (N.D. Cal. 2009).  This is more

28 pronounced when amendment (such as Plaintiff's) would add a new party.  *See In re Fritz*

*Companies Securities Litigation*, 282 F. Supp. 2d 1105, 1109 (N.D. Cal. 2003) ("Indicators of prejudice include a need to reopen discovery or the addition of complaints or parties."). "Amending a complaint to add a party poses an especially acute threat of prejudice to the entering party." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. Cal. 1987). Prejudice as the result of delay may take the form of requiring the Court to modify its pre-trial scheduling order. *Wells Fargo Bank, N.A. v. Renz,* No. C 08-02561 SBA, 2010 WL 2867615, at *4 (N.D. Cal. July 20, 2010).

Similarly, Plaintiff's Motion seeking to add GC Services Limited Partnership, iEnergizer Holdings, Limited and First Contact, LLC a/k/a iQor Holdings, Inc. to this case will lead to delay of these proceedings. Similarly, delay creates prejudice in terms of increased costs of discovery and trial preparation. As a case lengthens, the costs and expenses necessarily increase. *See Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1995) (agreeing with the district court that expense counts towards a finding of prejudice).

**iii. Plaintiff's Proposed Amended Complaint is Futile**

In assessing futility, a court typically applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6). *Berry v. UCSF*, No. C-09-0499 EMC, 2009 WL 5092027, at *1 (N.D. Cal. Dec. 17, 2009).

Although Plaintiff's proposed amended Complaint alleges numerous violations of the TCPA and Rosenthal Act, it is rife with conclusory allegations, formulaic recitations of the elements of the proposed causes of action, and lengthy statements of vague and irrelevant facts. Thus, Plaintiff fails to provide the "showing" necessary to entitle him to relief against Defendant. (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).) The federal pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." (*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).) Plaintiff's proposed amended Complaint contains little else.

Further, Plaintiff's proposed Amended Complaint includes the following allegation: "Defendant Credit One Bank is vicariously liable and directly liable for the calls made to the Plaintiff's cellular phone on Credit One Bank's behalf by GC Services, iEnergizer and First

1  Contact." (Plaintiff's Proposed Amended Complaint, ¶¶19 and 41).   This in of itself is a

2  conclusory legal statement that does not meet the *Iqbal* and *Twombly* threshold.

3  **IV.    Conclusion**

4      Plaintiff's Motion for leave to file the proposed Amended Complaint should be denied.

5

6            **CARLSON & MESSER, LLP**

7  DATED: January 30, 2018      By: /s/David J. Kaminski

8        David J. Kaminski
      Alex A. Wade

9        Attorneys for Defendant
      *CREDIT ONE BANK, N.A.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28