**"Exhibit 1"**

Case No. 15-1211

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

ACA International,

Petitioner,

v.

Federal Communications Commission,
named as United States of America,

Respondent.

---

### AMENDED PETITION FOR REVIEW

---

ACA International hereby petitions this Court for review of the order

of the Federal Communications Commission titled "Declaratory Ruling and

Order," *In re Rules and Regulations Implementing the Telephone Consumer

Protection Act of 1991*, released on July 10, 2015, a copy of which

accompanies this petition as Exhibit A. This amended petition replaces and

supersedes the Petition for Review (July 10, 2015).

I
### Nature of the Proceedings as to Which Review Is Sought

ACA International filed a petition for rulemaking with the Federal

Communications Commission on February 11, 2014. The Commission

1

considered ACA's petition along with other petitions for clarification or

expedited clarification, for a declaratory ruling or an expedited declaratory

ruling, for an exemption, for rulemaking or expedited rulemaking, or for

special temporary relief, under its dockets numbered GC Docket No. 02-278

and WC Docket No. 07-135. The Commission disposed of all such pending

petitions in the order titled "Declaratory Ruling and Order," *In re Rules and

Regulations Implementing the Telephone Consumer Protection Act of 1991,*

released on July 10, 2015, a copy of which accompanies this petition as

Exhibit A.

## II
## Facts on Which Venue Is Based

Pursuant to 28 U.S.C. § 2343, "[t]he venue of a proceeding under this

chapter is in the judicial circuit in which the petitioner resides or has its

principal office, or in the United States Court of Appeals for the District of

Columbia Circuit." Venue therefore lies properly in this Court.

## III
## Grounds on Which Relief Is Sought

ACA International seeks relief on these grounds:

(1)   The Federal Communications Commission's treatment of "capacity" within the definition of an "automatic telephone dialing system" under the Telephone Consumer Protection Act is arbitrary, capricious, and an abuse of discretion, and results in an approach that does not comport with a caller's constitutional rights of due process and freedom of speech and that disregards the applicable statute.

(2)   The Commission's treatment of predictive dialers is not in accordance with law, and exceeded the Commission's statutory authority, in that it expands the statutory definition of an "automatic telephone dialing system" under the Telephone Consumer Protection Act beyond the definition that Congress enacted.

(3)   The Commission's treatment of "prior express consent" (including its treatment of reassigned numbers) was arbitrary, capricious, and an abuse of discretion, and does not comport with a caller's constitutional right of due process.

(4)   The Commission's order, both with respect to the topics enumerated above and otherwise, was arbitrary, capricious, and

3

an abuse of discretion because it disregards Congress's findings

in the Telephone Consumer Protection Act, the statute from

which the Commission's jurisdiction and authority derive.

## IV
### Relief Prayed

ACA International therefore prays that this Court—

(1)     hold unlawful and set aside the Federal Communications

Commission's treatment of "capacity" within the definition of

an "automatic telephone dialing system" under the Telephone

Consumer Protection Act, and compel the Commission to treat

"capacity" in a way that comports with a caller's rights of due

process and freedom of speech;

(2)     hold unlawful and set aside the Commission's treatment of

predictive dialers, and compel the Commission to treat them in

a way that does not expand the statutory definition of an

"automatic telephone dialing system" under the Telephone

Consumer Protection Act beyond the definition that Congress

enacted;

4

(3)   hold unlawful and set aside the Commission's treatment of

prior express consent, including the Commission's treatment of

reassigned numbers, and compel the Commission to either—

(A)   establish a viable safe harbor for autodialed "wrong

number" non-telemarketing calls to reassigned wireless

numbers, or

(b)   define "called party" as a call's intended recipient.

July 13, 2015.                                    DYKEMA GOSSETT PLLC

/s/ Brian Melendez

Brian Melendez, D.C. Cir. Bar No.
   55882
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55403
Ph. 612.486.1589
Fax 877.599.6688
bmelendez@dykema.com

Attorney for Petitioner
   ACA International

## Certificate of Service

Within one business day of this petition for review being filed:

(a)   I will cause a date-stamped copy of this petition to be served by

hand on these persons:

Office of General Counsel
Federal Communications Commission
Eighth Floor
445 Twelfth Street, SW
Washington, DC 20554

The Honorable Loretta E. Lynch
The Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

(b)   I will cause a copy of this petition to be served by first-class

mail, postage prepaid, on these parties admitted to participate in

the agency proceedings:

Mark W. Brennan
Hogan Lovells US LLP
555 13th Street, NW
Washington, DC 20004
*Counsel for the American
   Association of Healthcare
   Administrative Management,
   RTI International; and United
   Healthcare Services, Inc.*

Virginia O'Neill
Vice President & Assistant Chief
   Compliance Counsel
American Bankers Association
1120 Connecticut Avenue, NW
Washington, DC 20036

1

Charles H. Kennedy
The Kennedy Privacy Law Firm
1050 30th Street, NW
Washington, DC 20007
*Counsel for American Bankers*
   *Association and Consumer*
   *Bankers Association*

Monica S. Desai
Patton Boggs LLP
2550 M Street, NW
Washington, DC 20037
*Counsel for A Coalition of Mobile*
   *Engagement Providers, Retail*
   *Industry Leaders Association,*
   *and ACA International*

Kate Larson
David Pommerehn
Consumer Bankers Association
Suite 550
1225 Eye Street, NW
Washington, DC 20005

Michael A. Signorelli
Venable LLP
575 Seventh Street, NW
Washington, DC 20004
*Counsel for Direct Marketing*
   *Association*

Jerry Cerasale
Senior Vice President,
   Government Affairs
Direct Marketing Association
Suite 1100
1615 L Street, NW
Washington, DC 20036

Paul D.S. Edwards
Unit 203
713 Wheat Ridge Lane
Las Vegas, NV 89145

Debra Brewer Hayes
Charles Clinton Hunter
The Hayes Law Firm, PC
Suite 210
700 Rockmead
Kingwood, TX 77339
*Counsel for Milton H. Fried, Jr.,*
   *and Richard Evans*

Natalie G. Roisman
Phillip R. Marchesiello
Joshua M. Bercu
Wilkinson Barker Knauer, LLP
Suite 700
2300 N Street, NW
Washington, DC 20037
*Counsel to Glide Talk, Ltd.*

Dorothy E. Cukier
Corporate Counsel, Executive
   Director
External Affairs
Global Tel*Link Corporation
Suite 100
12021 Sunset Hills Road
Reston, VA 20190

2

Cheire R. Kiser
Cahill Gordon & Reindel LLP
Suite 950
1990 K Street, NW
Washington, DC 20006
*Counsel for Global Tel\*Link*
*Corporation*

National Association of Attorneys
    General
Eighth Floor
2030 M Street, NW
Washington, DC 20036

Susan Webb, President
ABIL Employment Services
Suite 200
5025 East Washington
Phoenix, AZ 85034
*National Employment Network*
*Association*

Michele A. Shuster
Nicholas R. Whisler
Mac Murray, Petersen and Shuster
    LLP
Suite 210
6530 West Campus Oval
New Albany, OH 43054
*Counsel for Professional*
*Association for Customer*
*Engagement*

Phillip J. Grudzinski
President and CEO
Professional Association for
    Customer Engagement
Suite 480
8500 Keystone Crossing
Indianapolis, IN 46240

Joseph E. Sandler
Elizabeth L. Howard
Sandler Reiff Young & Lamb
Suite 300
1025 Vermont Avenue, NW
Washington, DC 20002
*Counsel for Revolution Messaging,*
*LLC*

Joseph Oliva
Oliva & Associates
Suite 350
11770 Bernardo Plaza Court
San Diego, CA 92128
*Counsel for Rubio's Restaurant,*
*Inc.*

N. Martin Stringer
Michael F. Smith
McAfee and Taft
Suite 900
1717 South Boulder
Tulsa, OK 74119
*Counsel for Stage Stores, Inc.*

3

Burton D. Brillhart
McGlinchey Stafford PLLC
Suite 2750
2711 North Haskell Avenue
Dallas, TX 75204
*Counsel for Santander Consumer
    USA, Inc.*

Lauren E. Campisi
McGlinchey Stafford PLLC
Twelfth Floor
601 Poydras Street
New Orleans, LA 70130
*Counsel for Santander Consumer
    USA, Inc.*

Dustin D. Godenswager
McGlinchey Stafford PLLC
Suite 406
25550 Chagrin Boulevard
Cleveland, OH 44122
*Counsel for Santander Consumer
    USA, Inc.*

Chad R. Fuller
Troutman Sanders LLP
Suite 400
11682 El Camino Real
San Diego, CA 92130
*Counsel for Santander Consumer
    USA, Inc.*

James D. Snell
Ronald W. Del Sesto, Jr.
Bingham McCutchen LLP
2020 K Street, NW
Washington, DC 20006-1806
*Counsel for TextMe, Inc.*

Lauren Lynch Flick
Pillsbury Winthrop Shaw Pittman
    LLP
2300 N Street, NW
Washington, DC 20037
*Counsel for YouMail, Inc., 3G
    Collect Inc., 3G Collect LLC*

Andrew D. Bluth
Pillsbury Winthrop Shaw Pittman
    LLP
Suite 300
2600 Capitol Avenue
Sacramento, CA 95816-5930
*Counsel for 3G Collect Inc., 3G
    Collect LLC*

4

July 13, 2015.

DYKEMA GOSSETT PLLC

/s/ Brian Melendez

Brian Melendez, D.C. Cir. Bar No.
  55882
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55403
Ph. 612.486.1589
Fax 877.599.6688
bmelendez@dykema.com

Attorney for Petitioner
  ACA International

1