David J. Kaminski, Esq. (SBN 128509)
kaminskid@cmtlaw.com
Alex A. Wade, Esq. (SBN 304022)
wadea@cmtlaw.com
**CARLSON & MESSER, LLP**
5901 West Century Boulevard, Suite #1200
Los Angeles, CA 90045
Tel: (310) 242-2200
Fax: (310) 242-2222

*Attorneys for Defendant,*
CREDIT ONE BANK, N.A.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.L. an infant by his mother and natural guardian SANDRA LEMOS,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, N.A. and JOHN DOES 1-25,<br><br>Defendant. | Case No. 2:17-cv-01512-JAM-DB<br><br>**RESPONSE TO INTERROGATORIES** |

PROPOUNDING PARTY:   Plaintiff, N.L. an infant by his mother and natural guardian SANDRA LEMOS,

RESPONDING PARTY:   Defendant, CREDIT ONE BANK, N.A.

SET NUMBER:   ONE (1)

Pursuant to Federal Rule of Civil Procedure Rule 33, Defendant CREDIT ONE BANK, N.A. ("Defendant") responds to Plaintiff N.L. an infant by his mother and natural guardian SANDRA LEMOS's ("Plaintiff") First Set of Interrogatories.

///

{00078917;1}

1

## PRELIMINARY STATEMENT

The responding party has not fully completed its investigation of the facts relating to this case, and has not fully completed its discovery in this action, nor has it completed its preparation for trial. All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known to this responding party and disclose only those contentions which are presently known to such responding party, It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes and variations from the responses herein set forth. The following responses are given without prejudice to this responding party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall or locate. Responding party accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as are presently known, but should in no way be to the prejudice of Defendant in relation to further discovery, research or analysis.

## INTERROGATORIES AND RESPONSES

**INTERROGATORY NO. 1**

State the date, time and purpose of each call placed by any person or entity to the phone number of "(916) 308-9847" on behalf of the Defendant during the time period of July 18, 2013 to the present, and identify which person or entity made the call.

**RESPONSE TO INTERROGATORY NO. 1**

Defendant objects to this interrogatory on the grounds this request is overly broad and seeks information that is not relevant or proportional to the needs of the case. It also seeks confidential and proprietary information. Defendant objects to this request on the grounds it infringes on the privacy rights of third parties. Defendant objects to this request on the grounds it is unduly burdensome.

Subject to and without waiving said objections, Defendant responds as follows: Defendant will produce responsive information currently known to it pursuant to a protective order.

**INTERROGATORY NO. 2**

State the date, time and content of each prerecorded voice message placed by any person or entity to the phone number of "(916) 308-9847" on behalf of the Defendant during the time period of July 18, 2013 to the present, and identify which person or entity placed the prerecorded voice message.

**RESPONSE TO INTERROGATORY NO. 2**

Defendant objects to this interrogatory on the grounds this request is overly broad and seeks information that is not relevant or proportional to the needs of the case. It also seeks confidential and proprietary information. Defendant objects to this request on the grounds it infringes on the privacy rights of third parties. Defendant objects to this request on the grounds it is unduly burdensome.

Subject to and without waiving said objections, Defendant responds as follows: Defendant will produce responsive information currently known to it pursuant to a protective order.

**INTERROGATORY NO. 3**

Identify the name, make and model of whatever calling or dialing system the Defendant used in dialing, calling or contacting the phone number of "(916) 308-9847" during the time period of July 18, 2013 to the present. If different systems or devices were used during this time period, specify each such system and the time period during which it was used.

**RESPONSE TO INTERROGATORY NO. 3**

Defendant objects to this request on the grounds it seeks confidential and proprietary information. Defendant objects to this request on the grounds it is overbroad and unduly burdensome. Defendant objects to this request on the grounds it seeks irrelevant information.

Subject to and without waiving said objections, Defendant responds as follows: Defendant did not place calls to Plaintiff. Discovery and investigation are ongoing, and Defendant reserves the right to supplement this response.

**INTERROGATORY NO. 4**

Identify the name, make and model of the dialing systems utilized by each of the entities who placed calls on behalf of the Defendant to the phone number of "(916) 308-9847" during the time period of July 18, 2013 to the present. If different systems or devices were used during this time period, specify each such system and the time period during which it was used.

**RESPONSE TO INTERROGATORY NO. 4**

Defendant objects to this request on the grounds it seeks confidential and proprietary information. Defendant objects to this request on the grounds it is overbroad and unduly burdensome. Defendant objects to this request on the grounds it seeks irrelevant information.

Subject to and without waiving said objections, Defendant responds as follows: To the best of Defendant's knowledge, calls to (916) 308-9847 were placed using the following equipment: Aspect Unified IP 6.7 in 2015, and then version 7.3 in 2017 (iEnergizer); Aspect Unified 6.7 (GC Services); aQrate in 2014 and LiveVox in 2016 and 2017 (First Contact); and Avaya (TPUSA).

**INTERROGATORY NO. 5**

State how and where the Defendant obtained, or was provided, the phone number "(916) 308-9847", and identify whether that number was obtained via a "skip-trace", by a caller ID capture, or some other method.

**RESPONSE TO INTERROGATORY NO. 5**

Defendant objects to this interrogatory on the grounds this request is overly broad and seeks information that is not relevant or proportional to the needs of the case. Defendant objects to this request on the grounds it is compound and constitutes more than one interrogatory. Defendant objects to this request on the grounds it assumes facts not in evidence.

///

///

Subject to and without waiving said objections, Defendant responds as follows: Defendant obtained the -9847 phone number when it was used to call Defendant on March 26, 2014.

**INTERROGATORY NO. 6**

Identify the date and nature of all documents and information Defendant in the Defendant's ownership, possession, custody or control relating to the account of the person the Defendant was attempting to contact when it called "(916) 308-9847".

**RESPONSE TO INTERROGATORY NO. 6**

Defendant objects to this interrogatory on the grounds this request is overly broad and seeks information that is not relevant or proportional to the needs of the case. It also seeks confidential and proprietary information. Defendant objects to this request on the grounds it infringes on the privacy rights of third parties. Defendant objects to this request on the grounds it is unduly burdensome.

**INTERROGATORY NO. 7**

Identify each document relating to (1) training, (2) compliance or (3) collections provided by Defendant to any of the entities who placed calls on behalf of the Defendant to the phone number of "(916) 308-9847" during the time period of July 18, 2013 to the present.

**RESPONSE TO INTERROGATORY NO. 7**

Defendant objects to this interrogatory on the grounds this request is overly broad and seeks information that is not relevant or proportional to the needs of the case. It also seeks confidential and proprietary information.

**INTERROGATORY NO. 8**

State the name, address and telephone number of the individual from whom the Defendant was attempting to collect a debt, when it made calls to the phone number of "(916) 308-9847" during the time period of July 18, 2013 to the present.

**RESPONSE TO INTERROGATORY NO. 8**

Defendant objects to this interrogatory on the grounds this request is overly broad and seeks information that is not relevant or proportional to the needs of the case. It also seeks

...

confidential and proprietary information. Defendant objects to this request on the grounds it infringes on the privacy rights of third parties. Defendant objects to this request it assumes facts not in evidence.

**INTERROGATORY NO. 9**

Identify the date and nature of all documents and information - regarding the account associated with the phone number of "(916) 308-9847" – that Defendant provided and received from the entities it retained to place calls to the phone number of "(916) 308-9847".

**RESPONSE TO INTERROGATORY NO. 9**

Defendant objects to this interrogatory on the grounds this request is overly broad and seeks information that is not relevant or proportional to the needs of the case. It also seeks confidential and proprietary information. Defendant objects to this request on the grounds it infringes on the privacy rights of third parties. Defendant objects to this request on the grounds it is unduly burdensome. Defendant objects to this request on the grounds it is vague and ambiguous as to its meaning and scope.

**INTERROGATORY NO. 10**

Does the Defendant provide training to its employees, or to the dialing vendors it retains, in the use of automatic telephone dialing systems, prerecorded voice messages, predictive dialing services, or any other dialing systems or devices?

    a. If so, describe the training content, timing and duration.

    b. If so, describe all documents and audio or visual materials used in such training.

    c. If so, identify each person involved in providing such training.

**RESPONSE TO INTERROGATORY NO. 10**

Defendant objects to this interrogatory on the grounds this request is overly broad and seeks information that is not relevant or proportional to the needs of the case. It also seeks confidential and proprietary information. Defendant objects to this request on the grounds it is compound and constitutes more than one interrogatory. Defendant objects to this request on the grounds it is vague and ambiguous as to its meaning and scope and calls for a legal conclusion.

**INTERROGATORY NO. 11**

Describe the maintenance of all procedures utilized by the Defendant to avoid violations of the Telephone Consumer Protection Act.

**RESPONSE TO INTERROGATORY NO. 11**

Defendant objects to this request on the grounds it seeks confidential and proprietary information. Defendant objects to this request on the grounds it is overbroad and unduly burdensome. Defendant objects to this request on the grounds it seeks irrelevant information.

Subject to and without waiving said objections, Defendant responds as follows: In order to ensure that Bank employees and third-party service providers tag a phone number with the correct tag when a customer makes a "do not call" request, the Bank conducts quality checks by reviewing a sample of recordings, and monitoring in real-time, a sampling of the customer calls.

When the Bank discovers non-compliance with a law, regulation or internal policy, the Bank may discipline the violator or request the third-party vendor to discipline the violator, up to and including termination, depending on the severity of non-compliance.

**INTERROGATORY NO. 12**

Identify all internal and external documents in Defendant's ownership, possession, custody or control regarding Defendant's compliance or non-compliance with the Telephone Consumer Protection Act, as well as the compliance or non-compliance with the Telephone Consumer Protection Act of each dialing vendor who placed calls to the phone number of "(916) 308-9847" on Defendant's behalf.

**RESPONSE TO INTERROGATORY NO. 12**

Defendant objects to this interrogatory on the grounds this request is overly broad and seeks information that is not relevant or proportional to the needs of the case. It also seeks confidential and proprietary information. Defendant objects to this request on the grounds it infringes on the privacy rights of third parties. Defendant objects to this request on the grounds it is unduly burdensome. Defendant objects to this request on the grounds it is compound and constitutes more than one interrogatory.

///

**INTERROGATORY NO. 13**

State the name and address of each insurer who may cover Defendant - as well as each insurer who may cover the entities who placed calls to the phone number of "(916) 308-9847" on the Defendant's behalf - for violations of the Telephone Consumer Protection Act during the time period of July 18, 2013 to the present, along with the dates of coverage, type, and policy of each liability insurance policy.

**RESPONSE TO INTERROGATORY NO. 13**

Defendant objects to this interrogatory on the grounds this request seeks information that is not relevant or proportional to the needs of the case.

Subject to and without waiving said objections, Defendant responds as follows: this request is not applicable to Defendant.

**INTERROGATORY NO. 14**

Identify and describe any documents used to describe, record or establish Defendant's methods and techniques to be used in the contacting of its account holders and particularly in the use of automatic telephone dialing systems, predictive dialing services, prerecorded voice messages, or any other dialing systems or devices.

**RESPONSE TO INTERROGATORY NO. 14**

Defendant objects to this interrogatory on the grounds this request is overly broad and seeks information that is not relevant or proportional to the needs of the case. It also seeks confidential and proprietary information. Defendant objects to this request on the grounds it assumes facts not in evidence. Defendant objects to this request on the grounds it vague and ambiguous as to its meaning and scope. Defendant objects to this request on the grounds it is compound and constitutes more than one interrogatory.

**INTERROGATORY NO. 15**

Identify and describe each document and record known to Defendant which is related to the account of the person the Defendant was attempting to contact when it called "(916) 308-9847", during the time period of July 18, 2013 to the present.

///

**RESPONSE TO INTERROGATORY NO. 15**

Defendant objects to this interrogatory on the grounds this request is overly broad and seeks information that is not relevant or proportional to the needs of the case. It also seeks confidential and proprietary information. Defendant objects to this request on the grounds it infringes on the privacy rights of third parties. Defendant objects to this request it assumes facts not in evidence.

**INTERROGATORY NO. 16**

Describe fully any systems Defendant maintains or operates to record its contacts with recipients of calls placed on the Defendant's behalf via an automatic telephone dialing system, predictive dialing service, or any other dialing system or device, and the Defendant's policies for operating such a system.

**RESPONSE TO INTERROGATORY NO. 16**

Defendant objects to this interrogatory on the grounds this request is overly broad and seeks information that is not relevant or proportional to the needs of the case. It also seeks confidential and proprietary information. Defendant objects to this request on the grounds it vague and ambiguous as to its meaning. Defendant objects to this request on the grounds it is compound and constitutes more than one interrogatory.

**INTERROGATORY NO. 17**

State whether the Defendant has any records documenting any contact or communication with either the Plaintiff in this matter, or with the individual the Defendant was trying to reach when it called the phone number of "(916) 308-9847".

a. If so, set forth the date, result and content of that contact or communication.

**RESPONSE TO INTERROGATORY NO. 17**

Defendant objects to this interrogatory on the grounds this request is overly broad and seeks information that is not relevant or proportional to the needs of the case. It also seeks confidential and proprietary information. Defendant objects to this request on the grounds it infringes on the privacy rights of third parties. Defendant objects to this request on the grounds

it is unduly burdensome. Defendant objects to this request on the grounds it is compound and constitutes more than one interrogatory.

Subject to and without waiving said objections, Defendant responds as follows: Defendant will produce responsive information currently known to it pursuant to a protective order.

**INTERROGATORY NO. 18**

Provide the name, address, email address, phone number, place of employment, job title and job description for whichever person is responsible for the maintenance, programming and management of the systems identified in Interrogatories 3 and 4.

**RESPONSE TO INTERROGATORY NO. 18**

Defendant objects to this interrogatory on the grounds this request is overly broad and seeks information that is not relevant or proportional to the needs of the case. It also seeks confidential and proprietary information. Defendant objects to this request on the grounds it infringes on the privacy rights of third parties. Defendant objects to this request on the grounds it is unduly burdensome. Defendant objects to this request on the grounds it is compound and constitutes more than one interrogatory.

**INTERROGATORY NO. 19**

State the name, title, address and job description of each director, partner, shareholder, employee, officer and manager of Defendant who managed, supervised, or is otherwise authorized or charged with the Defendant's collection practices during the time period of July 18, 2013 to the present.

**RESPONSE TO INTERROGATORY NO. 19**

Defendant objects to this request on the grounds it seeks information that infringes on the privacy rights of third parties or Defendant's employees. Defendant objects to this request on the grounds it is overbroad and unduly burdensome. Defendant objects to this request on the grounds it is vague and ambiguous. Defendant objects to this request on the grounds it seeks irrelevant information. Defendant objects to this request on the grounds it is compound and constitutes more than one interrogatory.

Subject to and without waiving said objections, Defendant responds as follows: Gary Harwood, VP of Portfolio Services.

**INTERROGATORY NO. 20**

Identify each document, record, recording and person furnishing information with regard to your response to these preceding Interrogatories.

**RESPONSE TO INTERROGATORY NO. 20**

Defendant objects to this request on the grounds it seeks information that infringes on the privacy rights of third parties or Defendant's employees. Defendant objects to this request on the grounds it is overbroad and unduly burdensome. Defendant objects to this request on the grounds it is vague and ambiguous. Defendant objects to this request on the grounds it seeks irrelevant information. Defendant objects to this request on the grounds it is compound and constitutes more than one interrogatory.

Subject to and without waiving said objections, Defendant responds as follows: Gary Harwood, VP of Portfolio Services and Ryan Hunt, Manager furnished information with regard to Defendant's responses to these Interrogatories.

DATED: December 4, 2017         **CARLSON & MESSER, LLP**

By: David J. Kaminski
David J. Kaminski, Esq.
Alex A. Wade, Esq.
*Attorneys for Defendant*
CREDIT ONE BANK, N.A.

{00078917;1}

# PROOF OF SERVICE

STATE OF CALIFORNIA ) 
) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. My business address is 5901 West Century Blvd., Suite 1200, Los Angeles, California 90045.

On **December 4, 2017**, I served the foregoing document(s) described as: **RESPONSE TO INTERROGATORIES** on all interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

[X] **BY MAIL:** I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am readily familiar with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[X] **BY ELECTRONIC MAIL:** Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] **BY FACSIMILE** – I transmitted via telecopier machine such document to the interested parties at the facsimile number(s) listed on the attached service list.

[ ] **BY OVERNIGHT DELIVERY:** I deposited the above document(s) in a box or other facility regularly maintained by FedEx in an envelope or package designated by FedEx with delivery fees paid or provided for.

[ ] **(STATE):** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **4th** day of **December, 2017** at Los Angeles, California.

_____
Susie Valiente

{00079619;1}

1

**SERVICE LIST**
*N.L. v. Credit One Bank, N.A.*
Case No. 2:17-cv-01512-JAM-DB
File No. 09184.00

| | |
|---|---|
| Jonathan Aaron Stieglitz, Esq.<br>**Law Office of Jonathan A. Stieglitz**<br>11845 W. Olympic Blvd., Suite 800<br>Los Angeles, CA 90064<br>Tel: 323-979-2063<br>Fax: 323-488-6748<br>Email: jonathan.a.stieglitz@gmail.com | **Attorneys for Plaintiff:**<br>*N.L., an infant by his mother and natural guardian SANDRA LEMOS* |
| Yitzchak Zelman, PHV<br>**Marcus & Zelman, LLC**<br>1500 Allaire Avenue<br>Ocean, NJ 07712<br>Tel: 845-367-7146<br>Fax: 732-298-6256<br>Email: yzelman@marcuszelman.com | **Attorneys for Plaintiff:**<br>*N.L., an infant by his mother and natural guardian SANDRA LEMOS* |

{00079619;1}