Charles R. Messer (SBN 101094)
messerc@cmtlaw.com
David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Alex A. Wade (SBN 304022)
wadea@cmtlaw.com
**CARLSON & MESSER LLP**
5901 W. Century Boulevard, Suite 1200
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile
Attorneys for Defendant
CREDIT ONE BANK, N.A.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| N.L., an infant by his mother and natural guardian SANDRA LEMOS,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT ONE BANK, N.A., GC SERVICES LIMITED PARTNERSHIP, IENERGIZER HOLDINGS, LIMITED, and FIRST CONTACT, LLC a/k/a IQOR HOLDINGS, INC,<br><br>Defendants. | CASE NO. 2:17-cv-01512-JAM-DB<br>Assigned to: Hon. John A. Mendez<br><br>**DEFENDANT CREDIT ONE BANK, N.A.'S NOTICE OF CROSS-MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Accompanying Documents**<br>1. Memorandum of Points and Authorities<br>2. Declaration of Gary Harwood<br>3. Declaration of Alex A. Wade<br>4. Index of Exhibits<br>5. Statement of Undisputed Facts<br>6. Response to Plaintiff's Statement of Undisputed Facts<br>7. [Proposed] Order<br><br>Date:     November 6, 2018<br>Time:     1:30 p.m.<br>Place:    U.S. District Court<br>             501 I Street<br>             Sacramento, CA  95814<br>Courtroom:  6, 14th Floor |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 6, 2018, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the above-entitled court, located at 501 I Street, 14th Floor, Sacramento, California, Defendant CREDIT ONE BANK, N.A. ("Credit One" or "the Bank") will and hereby does move for summary judgment, or in the alternative, partial summary judgment, against the allegations brought against it in Plaintiff N.L., a minor by his mother and natural guardian SANDRA LEMOS's ("Plaintiff") Amended Complaint.

This motion is made pursuant to Rule 56 of the Federal Rules of Civil Procedure in that there is no genuine issue of material fact, and Credit One is entitled to summary judgment as a matter of law, in that:

(1) Plaintiff's First Cause of Action against Credit One for Violation of the TCPA fails as a matter of law because: (a) The Bank made no calls to N.L., and the Bank is not vicariously liable for calls by its vendors; (b) Plaintiff cannot meet his burden of proving that an ATDS subject to the TCPA's restrictions or a prerecorded/artificial voice was used in relation to the calls he received; and (c) There is no strict liability for calling a Bank customer at N.L.'s reassigned number, particularly when the Bank had a good faith belief that the number belonged to its long-time cardholder, as well as after when N.L. lacks actual-injury standing when he and his mother consulted with TCPA-counsel and then allowed calls to continue by not notifying anyone that the calls were being made to a wrong number. Among other things, Plaintiff lacks standing to sue for such calls.

(2) Plaintiff's Second Cause of Action against Credit One for violation of the Rosenthal Fair Debt Collections Practices Act fails as a matter of law because (a) The Bank is not vicariously liable for calls by its vendors; and (b) The Bank acted in good faith and its vendors did not willfully or knowingly call Plaintiff with an intent to harass; and (c) Plaintiff's claims brought under 15 U.S.C. § 1692b(3) and 15 U.S.C. § 1692c of the FDCPA, which are incorporated into the Rosenthal Act, and fail as a matter of law.

 (3) Plaintiff's Third Cause of Action against Credit One for Invasion of Privacy by Intrusion upon Seclusion fails as a matter of law because (a) The Bank is not vicariously liable for calls by its vendors; and (b) The Bank did not intrude upon Plaintiff's seclusion and therefore, the Bank did not legally cause any damages.

 (4) Plaintiff lacks standing to bring suit.

  This Cross-Motion and Opposition are further based upon this Notice, upon the attached Memorandum of Points and Authorities, the Declaration of Alex A. Wade, the Declaration of Gary Harwood, the Separate Statement of Undisputed Material Facts, the Opposition to Plaintiff's Statement of Undisputed Facts, the Proposed Order granting Summary Judgment, any Reply filed in support of this Motion, upon the complete records and file of the Court, and upon such other further evidence that may be presented at the time of hearing on this matter.

  This Cross-Motion and Opposition are made following the conference of counsel pursuant to the court's standing order which took place on September 26, 2018.

DATED: October 9, 2018        **CARLSON & MESSER LLP**

                By:  /s/ Charles R. Messer
                     Charles R. Messer
                     David J. Kaminski
                     Alex A. Wade
                     Attorneys for Defendant
                     CREDIT ONE BANK, N.A.

{00102378;1}  3
**NOTICE OF CROSS-MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMMARY JUDGMENT**

No. 2:17-cv-01512-JAM-DB

# CERTIFICATE OF SERVICE

I, Charles R. Messer, hereby certify that on this 9th day of October, 2018, a true and accurate copy of the foregoing DEFENDANT CREDIT ONE BANK, N.A.'S NOTICE OF CROSS-MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT were served via the District Court ECF System on the Following:

Email: ari@marcuszelman.com
jonathan.a.stieglitz@gmail.com
yzelman@marcuszelman.com
paul.grammatico@kattenlaw.com
fhabib@behblaw.com
cocarroll@behblaw.com
margie@rudnickifirm.com

/s/Charles R. Messer
Charles R. Messer
CARLSON & MESSER LLP