Charles R. Messer (SBN 101094)
messerc@cmtlaw.com
David J. Kaminski (SBN 128509)
Kaminskid@cmtlaw.com
Alex A. Wade (SBN 304022)
wadea@cmtlaw.com
CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, CA 90045
Tel: (310) 242-2200
Fax: (310) 242-2200
Attorneys for Defendant
CREDIT ONE BANK, N.A.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| N.L., an infant by his mother and natural guardian SANDRA LEMOS,<br><br>　　　Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, N.A., GC SERVICES LIMITED PARTNERSHIP, IENERGIZER HOLDINGS, LIMITED, and FIRST CONTACT, LLC a/k/a IQOR HOLDINGS, INC.,<br>　　　Defendants. | Case No: 2:17-cv-01512-JAM-DB<br><br>**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF CREDIT ONE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:　　November 6, 2018<br>Time:　　1:30 p.m.<br>Place:　　U.S. District Court<br>　　　　　501 I Street<br>　　　　　Sacramento, CA  95814<br>Courtroom:  6, 14th Floor |

　　　Defendant CREDIT ONE BANK, N.A. ("Credit One" or "the Bank") submits the following Statement of Undisputed Facts in support of its Motion for Summary Judgment, pursuant to Eastern District Local Civil Rule 56-260:

| **Credit One's Undisputed Facts:** | |
|---|---|
| 1.   This suit is based on calls by the Bank's vendors, who were attempting to reach the Bank's customer, D.V. (name redacted for privacy), at D.V.'s 916-308-9847 telephone number. | Plaintiff's Amended Complaint. |
| 2.   D.V. is a longtime and still current customer of the Bank who applied for, and was issued, a VISA credit card from the Bank. During the application process and again upon opting to use his VISA credit card, D.V. accepted the terms of the Bank's Cardholder Agreement. The Cardholder Agreement clearly authorized the Bank and its vendors to contact D.V. at any telephone numbers he provided via live operator, automatic telephone dialing system (auto-dialer), prerecorded message, text message or email, to discuss, among other things, missed payments. | *See* Harwood declaration ¶ 7. |
| 3.   After D.V. breached the Cardholder Agreement and failed to make timely payments, the Bank's vendors called him to discuss his account. | *See* Harwood declaration ¶ 9. |
| 4.   D.V. first provided his 916-308-9847 phone number ("the -9847 number" or "phone number at issue") to the Bank on March 26, 2014, during a call he made to the | *See* Harwood declaration ¶¶ 7 and 8. |

| | |
|---|---|
| Bank about his account – thus providing the Bank and its vendors with contractual consent to call him at his -9847 number | |
| 5. Unbeknownst to the Bank and its vendors, the -9847 phone number was subsequently relinquished by D.V. Subpoenaed records demonstrate that the -9847 number was reassigned to Plaintiff N.L.'s mother on December 19, 2016. The Bank's vendors had no notice or any other reason to know that the -9847 phone number was reassigned to Plaintiff. | *See* Harwood declaration ¶ 10. |
| 6. The Bank hires independently contracted vendors to make collection calls to the Bank's customers, only at telephone numbers which customers provide, to discuss issues related to their accounts, such as delinquent payments. | *See* Harwood Decl. ¶ 6. |
| 7. The Bank hired iEnergizer, First Contact and GC Services as independent contractors to make collection calls regarding D.V.'s past due account. | *See* Harwood declaration. |
| 8. The Bank, itself, never called Plaintiff at the -9847 phone number. | *See* Harwood Decl. ¶ 12. |
| 9. The Bank's vendors made 189 calls to the -9847 phone number after December 19, 2016 (between February 20, 2017 and June | *See* Harwood Decl. ¶ 11, Exhs. 1 and 2 |

| | |
|---|---|
| 13, 2017): 115 calls were made by Defendant iEnergizer between February 20, 2017 and March 16, 2017; 48 calls were made by Defendant GC Services between March 18, 2017 and March 26, 2017; and 26 calls were made by Defendant First Contact between April 8, 2017 and June 13, 2017. | |
| 10.  Out of the 189 calls made to the -9847 number by the Bank's Vendors after December 19, 2016, only one call was answered; that call was made by iEnergizer and was dated February 22, 2017. | *See* Harwood Decl. ¶ 13. |
| 11.  The recording of the one conversation Plaintiff had with one of the Bank's vendors, iEnergizer, is of a brief February 22, 2017 telephone conversation as follows:<br><br>Plaintiff: "Hello who is this?"<br><br>iEnergizer representative: "Um please note ma'am, this call may be monitored or recorded for quality assurance. Can I speak with D.V.?<br><br>iEnergizer representative: "Hello?"<br><br>(End of call, Plaintiff hangs up). | *See* Ex. 3 to Harwood Decl. (transcription of the February 22, 2017 call recording). |
| 12.  Plaintiff never told the iEnergizer representative (the Bank vendor who made the February 22, 2017 call), to stop calling the -9847, or that he was a child. | *See* Ex. 3 to Harwood Decl. (transcription of the February 22, 2017 call recording). |

| | |
|---|---|
| 13. Shortly after Plaintiff began receiving calls in February of 2017, they used an App native to Plaintiff's Metro PCS phone to report the calls when the calls first started. | *See* Ex. 7 to Wade Decl., Plaintiff's Deposition, 52:9-12; and Ex. 8 to Wade Decl., Plaintiff's mother's deposition, 52:5-25. |
| 14. Shortly after reporting the Bank's vendors' calls, Plaintiff received a call from an attorney named Kevin Crick. Plaintiff's mother confirmed that Plaintiff passed the phone to her and she questioned why Mr. Crick was calling her son (Plaintiff), wherein Kevin Crick responded: "I'm an attorney that represents harassment calls, particularly to minors and your son reported harassing calls through the Metro PCS App." | *See* Ex. 8 to Wade Decl., Plaintiff's mother's deposition, 54:3-9. |
| 15. After the conversation with Kevin Crick, the Plaintiff, his mother, and his attorney allowed the calls to continue from when the calls began (in February of 2017), until June of 2017, without ever notifying the Bank or asking the Bank to stop calling. | *See* Harwood declaration ¶¶ 11, 13 and 19. |
| 16. The Bank's Vendors calls to the -9847 number ceased on June 13, 2017, because there was a payment made on D.V.'s account that brought his account current. | *See* Harwood Decl. ¶ 15. |
| 17. The Bank's first notice that -9847 was a wrong number and that the Plaintiff wished | *See* Harwood Decl. ¶ 19. |

calls to -9847 to cease was in the Plaintiff's Summons and Complaint which were served in this case.

Dated: October 9, 2018

CARLSON & MESSER LLP
By: <u>Charles R. Messer</u>
    Charles R. Messer
    David J. Kaminski
    Alex A. Wade
    Attorneys for Defendant,
    CREDIT ONE BANK, N.A.

# **CERTIFICATE OF SERVICE**

I, Charles R. Messer, hereby certify that on this 9th day of October, 2018, a true and accurate copy of the foregoing STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF CREDIT ONE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT were served via the District Court ECF System on the Following:

Email: ari@marcuszelman.com
jonathan.a.stieglitz@gmail.com
yzelman@marcuszelman.com
paul.grammatico@kattenlaw.com
fhabib@behblaw.com
cocarroll@behblaw.com
margie@rudnickifirm.com

/s/Charles R. Messer
Charles R. Messer
CARLSON & MESSER LLP