Yitzchak Zelman (Admitted *Pro Hac Vice*)
New York Bar No. (5086509)
Email: yzelman@marcuszelman.com
**MARCUS & ZELMAN, LLC**
701 Cookman Avenue
Asbury Park, New Jersey 07712
Tel:  (845)367-7146
Fax: (732)695-3282
Attorney for Plaintiff
N.L., an infant by his mother and natural guardian
SANDRA LEMOS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| N.L., an infant by his mother and natural guardian SANDRA LEMOS,<br><br>        Plaintiff,<br><br>     v.<br><br>CREDIT ONE BANK, N.A., GC SERVICES LIMITED PARTNERSHIP, IENERGIZER HOLDINGS, LIMITED, and FIRST CONTACT, LLC a/k/a IQOR HOLDINGS, INC.,<br><br>        Defendant. | **C.A. No. 2:17-cv-01512-JAM-DB**<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

1

## <u>TABLE OF CONTENTS</u>

A. Preliminary Statement............................................................................1

B. Plaintiff Is Entitled To An Award Of Attorneys' Fees and Costs................1

C. Calculation Of Attorneys' Fees.............................................................3

D. Mr. Zelman's Hourly Rate Of $350.00 Is Reasonable............................6

E. Mr. Marcus's Hourly Rate Of $450.00 Is Reasonable..........................10

F. Plaintiff's Counsel Should Be Awarded The Full Compensation For
   The Time Spent On This Case.............................................................12

G. The Attorneys' Fees Awarded Are Supposed To Be Disproportional
   In FDCPA Cases..................................................................................15

H. Plaintiff Is Entitled To Reimbursement Of His Costs...........................16

I. Local Rule 293 Factors.....................................................................17

J. Conclusion.......................................................................................22

i

**TABLE OF AUTHORITIES**

*Alonso v. Blackstone Fin. Grp.. LLC*,

    No. 1:11-CV-01693-SAB, 2014 WL 788338 (E.D. Cal. Feb. 25, 2014)............23

*Alvarado v. Featured Mediation, LLC*,

    2017 WL 2480606 (M.D. Fla. June 8, 2017).....................................................10

*Armstrong v. Brown*,

    805 F.Supp.2d 918 (N.D.Cal., Aug.8, 2011)........................................................8

*Bayless v. Iris Leopold Imports, Inc.*,

    659 F. Supp. 942 (D. Ore. 1987).........................................................................13

*Bell v. Clackamas County*,

    341 F.3d 858 (9th Cir.2003)...................................................................................6

*Bilazzo v. Portfolio Recovery Assocs., LLC*,

    876 F. Supp. 2d 452 (D.N.J. 2012).......................................................................2

*Blum v. Stenson*,

    465 U.S. 886 (1984)...............................................................................................3

*Brandt v. Columbia Credit Servs., Inc.*,

    No. C17-703RSM, 2018 WL 4963109 (W.D. Wash. Oct. 15, 2018).................23

*Bratton v. FCA US LLC*,

    2018 WL 5270581 (N.D. Cal. Oct. 22, 2018)...................................................8, 9

*Brown v. Mandarich Law Grp.*,

    2014 WL 1340211 (N.D.Cal. Apr. 2, 2014).........................................................9

*Camacho v. Bridgeport Fin., Inc.*,

    523 F.3d 973 (9th Cir. 2008).........................................................................2, 13

*Clark v. City of Los Angeles*,

    803 F.2d 987 (9th Cir. 1986).................................................................................3

*Cotter et al. v. Lyft, Inc.*,

    No. 13-cv-04065-VC [Docket 410] (N.D. Cal. March 16, 2017).......................11

*Crawford v. Dynamic Recovery Servs.*,

    2014 WL 130458 (S.D.Cal. Jan. 10, 2014)............................................................9

*Davis v. Hollins Law*,

    25 F. Supp. 3d 1292 (E.D. Cal. 2014).........................................................9, 12, 16

*Davis v. Sundance Apartments*,

    No. CIV. S–07–1922 FCD GGH, 2008 WL 3166479 (E.D.Cal. Aug.5, 2008)...12

*De Amaral v. Goldsmith & Hull,*

    No. 12-CV-03580-WHO, 2014 WL 1309954 (N.D. Cal. Apr. 1, 2014).........4, 15

*Delalat v. Syndicated Office Sys.*,

    2014 WL 930162 (S.D.Cal. Jan. 23, 2014)........................................................9

*Diena v. MCS Claim Services, Inc.,*

    3:13-cv-05902-JAP-TJB [Docket 6] (D.N.J. October 2, 2014)..........................6

*Evon v. Law Offices of Sidney Mickell*,

    688 F.3d 1015 (9th Cir. 2012)..................................................................2, 15, 21

*Ferland v. Conrad Credit Corp.*,

    244 F.3d 1145 (9th Cir.2001)..........................................................................3

*Firneno v. Radner Law Grp., PLLC*,

    2017 WL 3675613 (E.D. Mich. Aug. 25, 2017).................................................9

*Foerster v. FirstCollect, Inc.*,

    Case No. 1:17-cv-01337-JEJ (Dist. of Delaware 2018)..................................7, 10

*Garcia v. Resurgent Capital Servs., L.P.,*

    2012 WL 3778852 (N.D. Cal. Aug. 30, 2012)...........................................8, 9, 23

*Gauchat-Hargis v. Forest River, Inc.*,

    No. 2:11-CV-02737-KJM, 2013 WL 4828594 (E.D. Cal. Sept. 9, 2013)............12

*Gonzales v. Arrow Fin. Servs., LLC*,

    660 F.3d 1055 (9th Cir. 2011)..........................................................................2

*Green v. Momentum Motor Grp., LLC,*

    2018 WL 259091 (D.S.C. Jan. 2, 2018).............................................................9

*Guam Soc'y of Obstetricians & Gynecologists v. Ada*,

    100 F.3d 691 (9th Cir. 1996)...............................................................................7

*Harris v. Marhoefer*,

    24 F.3d 16 (9th Cir. 1994)....................................................................................3

*Hensley v. Eckerhart*,

    461 U.S. 424 (1983).........................................................................................3, 4

*Hutchison v. Lenders Portal Direct, LLC*,

    2018 WL 3241255 (D.S.C. July 3, 2018)...........................................................9

*In re Sears, Roebuck & Co. Front-Loading Washer Prod. Liab. Litig.*,

    2018 WL 3707804 (N.D. Ill. Aug. 3, 2018).......................................................9

*Jacobson v. Healthcare Fin. Servs., Inc.*,

    516 F.3d 85 (2d Cir.2008).....................................................................................1

*Jones v. Cnty. of Sacramento*,

    No. CIV S–09–1025 DAD, 2011 WL 3584332 (E.D.Cal. Aug.12, 2011)..........12

*Jones v. McGill*,

    No. 1:08–CV–00396–LJO–DLB, 2009 WL 1862457 (E.D.Cal. June 29, 2009).12

*Kottle v. Unifund CCR, LLC*,

    13–cv–03413–JEM, 2014 WL 243140 (C.D.Cal. Jan. 13, 2014)......................15

*Krapf v. Nationwide Credit Inc.*,

    2010 WL 4261444 (C.D.Cal. Oct. 21, 2010).......................................................9

*Lehr v. City of Sacramento*,

    No. 2:07-CV-01565-MCE, 2013 WL 1326546 (E.D. Cal. Apr. 2, 2013)............17

*Manopla v. Bryant, Hodge & Associates, LLC*,

    CIV.A. 13-338 JAP, 2014 WL 793555 (D.N.J. Feb. 26, 2014)...........................6

*May v. San Mateo County*,

    No. 3:16-cv-00252-LB [Doc. No. 218] (N.D. Cal. Nov. 10, 2017)....................11

*Overton v. Berryhill*,

    2018 WL 6523442 (S.D. Cal. Dec. 11, 2018)......................................................9

iv

*Parker v. Peters & Freedman, LLP*,

    No. SA CV 17-0667-DFM, 2019 WL 174979 (C.D. Cal. Jan. 11, 2019)............23

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*,

    478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986)...........................4

*Piccinetti v. Clayton, Myrick, McClanahan & Coulter, PLLC*,

    No. CV 16-4032 (TJB), 2018 WL 5313919 (D.N.J. Oct. 26, 2018)...................6

*Quesada v. Thomason*,

    850 F.2d 537 (9th Cir. 1988)...............................................15

*Ramirez v. N. Am. Asset Servs., LLC*,

    2012 WL 1228086 (C.D.Cal. Apr. 9, 2012)....................................9

*Robinson v. National Credit Systems, Inc.*,

    2019 WL 468580 (M.D. Fla. Jan. 22, 2019)..................................10

*Rose v. Bank of Am. Corp.*,

    No. 5:11-cv-02390, 2014 U.S. Dist. LEXIS 121641 (N.D. Cal. Aug. 29, 2014).11

*San Francisco Baykeeper v. West Bay Sanitary Dist.*,

    2011 WL 6012936 (N.D.Cal. Dec.1, 2011)....................................8

*Tolentino v. Friedman*,

    46 F.3d 645 (7th Cir. 1995)............................................2, 13

*Town & Country Jewelers, LLC v. Meadowbrook Insurance Group, Inc.*,

    Case No. 3:15-cv-02519-PGS-LHG..........................................7, 10

*Truglio v. CBE Group, Inc.*,

    Case No. 3:15-cv-03813-TJB [Docket 53].................................7, 10

*Ulugalu v. Berryhill*,

    2018 WL 2012330 (S.D. Cal. Apr. 30, 2018)..................................9

*United Steelworkers of Am. v. Phelps Dodge Corp.*,

    896 F.2d 403 (9th Cir. 1990)...............................................7

*U.S. Postal Service Federal Credit Union Plaintiff, v. Edwin*,

    2018 WL 1077291 (D.V.I. Feb. 27, 2018)....................................9

*Welch v. Metro. Life Ins. Co.*,

    480 F.3d 942 (9th Cir. 2007)....................................................................................7

<u>Statutes And Other Sources</u>

15 U.S.C. § 1692k(a)(3)............................................................................................16

Cal. Civ. Code §1788.17............................................................................................1

**A. Preliminary Statement.**

Plaintiff respectfully submits this Memorandum in support of his Motion for Attorneys' Fees and Costs.  On January 30, 2019 - after eighteen months of constant litigation and a 3-day Jury Trial - the Plaintiff finally prevailed in his Rosenthal Fair Debt Collection Practices Act (RFDCPA) claim against Defendant Credit One Bank.  As a result, the Plaintiff now is entitled to an award of attorneys' fees and costs that were necessarily expended over the course of this heavily litigated action.

**B. Plaintiff Is Entitled To An Award Of Attorneys' Fees and Costs.**

As the Plaintiff has prevailed in this action, he is entitled to an award of attorneys' fees and costs.  A consumer who brings a successful RFDCPA lawsuit can recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3)[1].  "The FDCPA provides for fee-shifting as a matter of course to successful plaintiffs." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir.2008).  Generally, litigants in the United States pay their own attorneys' fees, regardless of the outcome of the proceedings.  However, "in order to encourage private enforcement of the law ... Congress has legislated that in certain cases prevailing parties

---

[1] The Rosenthal Fair Debt Collection Practices Act incorporates the remedies section of the FDCPA, by stating "<u>Notwithstanding any other provision of this title</u>, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." See, Cal. Civ. Code §1788.17

may recover their attorneys' fees from the opposing side... The FDCPA is one such statute..." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

Courts have long recognized the importance of the fee shifting provision of the FDCPA, as well as the public policies behind it. The 9th Circuit affirmed that a separate award for costs and fees is mandatory if a plaintiff prevails on his claim under the Act. "Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." *Tolentino v. Friedman*, 46 F.3d 645, 651-52 (7th Cir. 1995). *See also, Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) ("Congress encouraged private enforcement by permitting  aggrieved individuals to bring suit as private attorneys general."); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1032 (9th Cir. 2012) ("The reason for mandatory fees is that Congress chose a 'private attorney general' approach to assume enforcement of the FDCPA").

In this action, the jury awarded the Plaintiff $1,000.00 on his claim under the RFDCPA – the maximum of statutory damages available under the Act.  As such, there can be no question that the Plaintiff prevailed in this action.  *See e.g., Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F. Supp. 2d 452, 457 (D.N.J. 2012)("In the context of awarding attorneys' fees under Section 1692k(a)(3), a plaintiff may be considered a 'prevailing party' if plaintiff succeeds on any significant issue in litigation which

achieves some of the benefit plaintiff sought by bringing the suit"). More importantly, the jury finally gave the Plaintiff the finding of liability that he was looking for – that Credit One's practice of calling 8 times per day is intended to harass and annoy debtors in violation of the RFDCPA and FDCPA. This finding will hopefully have some sort of impact on Credit One's decision to continue this practice in the future. As such, the Plaintiff has clearly prevailed in this action. *See e.g., De Amaral v. Goldsmith & Hull,* No. 12-CV-03580-WHO, 2014 WL 1309954, at *5–6 (N.D. Cal. Apr. 1, 2014)("Although the De Amarals received only $1,000 in damages, this amount does not reflect a lack of success. Their purpose was to establish that the defendants violated the FDCPA, and they won").

"Once a party has established that he is entitled to attorneys' fees, '[i]t remains for the [] court to determine what fee is 'reasonable.' " *Hensley v. Eckerhart*, 461 U.S. 424,433 (1983). Increases or decreases are warranted in rare or exceptional cases. *See, Blum v. Stenson*, 465 U.S. 886, 898-901 (1984); *Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994); *Clark v. City of Los Angeles*, 803 F.2d 987, 990-91 (9th Cir. 1986). As such, the sole question raised by the current Motion is, what amount of attorneys' fees and costs is reasonable.

## C. Calculation Of Attorneys' Fees.

Under Ninth Circuit precedent, district courts are to employ the "lodestar" method in determining reasonable attorney's fees in FDCPA cases.. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir.2001). The lodestar figure is calculated

3

by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for each attorney or paralegal involved. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The lodestar figure should be in line with the rates prevailing in the community for similar services by attorneys of comparable skill, experience, and reputation. *Id.* A strong presumption exists that the lodestar figure represents a reasonable fee. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air,* 478 U.S. 546, 564–65, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986).

In this action, the Plaintiff's counsel has submitted a printout of the records maintained by its billing software, which is maintained contemporaneously with billed activities. *See,* Exhibit A. As these detailed records reflect, a significant amount of litigation and attorney involvement was required to bring this RFDCPA claim to trial. Litigation in this action included (1) sending initial discovery demands to Credit One, (2) amending the Complaint to name Credit One's three vendors, who should have been disclosed in Initial Disclosures, (3) engaging in written discovery with each of those vendors, (3) traveling to Houston, Las Vegas and Sacramento for depositions, (4) opposing Defendant's Motion to Stay the case (5) opposing the Defendant's Motion for Summary Judgment, (6) preparing for and participating in a three-day jury trial, which resulted in the jury finding that Credit One violated the RFDCPA, and (7) the instant

attorney fee petition[2].  It is for that reason that the Plaintiff's detailed billing records are twenty pages long.

As reflected above, a considerable amount of attorneys time was required to prosecute this action.  Given the extensive amount of time and work required to be expended on this matter, it is respectfully submitted that the 505.10 hours expended by Marcus & Zelman, LLC was a reasonable amount of hours to be expended in the litigation of this action.  This time does not include the additional 53.9 hours that the Plaintiff's counsel spent on this action, but did not bill for, as this time was purely spent on TCPA issues which are not billable.

This case was staffed by two attorneys, Yitzchak Zelman, Esq. and Ari H. Marcus, Esq., who comprise the entirety of the Marcus & Zelman firm[3].  The qualifications and expertise of Messrs. Marcus and Zelman are fully set forth in their respective Declarations attached hereto.  Plaintiff's counsel do not double-bill or assign multiple counsel to review the same document.   The work listed on the attached printouts represent the actual time that Ari H. Marcus, Esq., and Yitzchak Zelman, Esq. spent litigating this action over the past two years.  As listed on the accompanying detailed billing records, Mr. Zelman primarily handled this litigation, expending 372.90

---

[2] Caselaw is clear that prevailing parties may also collect reasonable attorney's fees for the time spent preparing the fee petition."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008). (holding that "it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee").
[3] Marcus & Zelman also has a single paralegal/office manager.

hours from the filing of the Complaint in July of 2017 through the close of trial in January of 2019 and the filing of this fee petition.  Mr. Marcus contributed another 132.2 hours, getting involved in the case from the depositions of the Plaintiffs through the conclusion of trial.

### D. Mr. Zelman's Hourly Rate Of $350.00 Is Reasonable.

It is respectfully submitted that the hourly rate requested by the Plaintiff's counsel in this action is reasonable.  Yitzchak Zelman regularly charges an hourly rate of $350.00 per hour.  Indeed, this has been Mr. Zelman's regular hourly rate for years.  *See e.g., Piccinetti v. Clayton, Myrick, McClanahan & Coulter, PLLC,* No. CV 16-4032 (TJB), 2018 WL 5313919, at *6 (D.N.J. Oct. 26, 2018)(finding that "Plaintiff has established the reasonableness of Messrs. Marcus and Zelman's requested hourly rates of $400 and $350 per hour respectively").

While Mr. Zelman was only awarded $300 per hour in *Manopla v. Bryant, Hodge & Associates, LLC*, CIV.A. 13-338 JAP, 2014 WL 793555 (D.N.J. Feb. 26, 2014) and *Diena v. MCS Claim Services, Inc.,* 3:13-cv-05902-JAP-TJB [Docket 6] (D.N.J. October 2, 2014), those awards were five years ago.  "In determining the prevailing market rate a district court abuses its discretion to the extent it relies on cases decided years before the attorneys actually rendered their services." *Camacho*, 523 F.3d at 981, citing *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir.2003) (holding that it was an abuse of discretion to apply market rates in effect more than two years before the

work was performed).  Mr. Zelman was more recently awarded $350.00 per hour in *Town & Country Jewelers, LLC v. Meadowbrook Insurance Group, Inc.*, Case No. 3:15-cv-02519-PGS-LHG on December 6, 2017, in *Truglio v. CBE Group, Inc.,* Case No. 3:15-cv-03813-TJB [Docket 53], and in *Foerster v. FirstCollect, Inc.*, Case No. 1:17-cv-01337-JEJ (Dist. of Delaware).

In the Ninth Circuit, "the determination of a reasonable hourly rate is not made by reference to the rates actually charged the prevailing party." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007).  "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id*. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Mr. Zelman's Affidavit, attesting to his regular hourly rate, is attached hereto. "We recently pronounced that declarations of the prevailing market rate in the relevant community are sufficient to establish the appropriate billing rate for lodestar purposes." *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996). Further proof of the reasonableness of Mr. Zelman's requested hourly rate can be seen from other cases in California, which considered an attorney with similar years of

experience.  Mr. Zelman was first admitted to practice in 2012, over six years ago.  *See, e.g., Bratton v. FCA US LLC,* 2018 WL 5270581, at \*5 (N.D. Cal. Oct. 22, 2018)(awarding consumer law attorney with five years of experience $350 per hour, and citing to state court fee decisions throughout California); *Garcia v. Resurgent Capital Servs., L.P.,* 2012 WL 3778852, at \*4 (N.D. Cal. Aug. 30, 2012)(awarding $300 per hour to an FDCPA attorney with three years of experience); *Armstrong v. Brown*, 805 F.Supp.2d 918 (N.D.Cal., Aug.8, 2011) (awarding an hourly rate of $325 to fourth year associates); *San Francisco Baykeeper v. West Bay Sanitary Dist.*, 2011 WL 6012936 (N.D.Cal. Dec.1, 2011) (awarding an hourly rate of $300 to a public environmental litigation attorney with two years of experience).

The attached Affidavit from Steven Gimblin, Esq., a local consumer attorney, supports the reasonableness of Mr. Zelman's hourly rate.  Mr. Zelman's hourly rate of $350.00 is further supported by the 2015-2016 Consumer Law Attorney Fee Survey Report.[4]  As can be seen from the 2015-2016 Survey Report, consumer lawyers in California on average charge $465.00 per hour, with a median rate of $450.00 per hour.[5] Consumer lawyers in Sacramento, on average, charge $481.00 per hour, with a median rate of $450.00 per hour.[6]  When adjusted by years of experience, consumer lawyers in Sacramento with 6-10 years of experience charge $410.00 per hour.[7]

---

[4] *See,* https://www.nclc.org/images/pdf/litigation/tools/atty-fee-survey-2015-2016.pdf, last visited on February 13, 2019. A copy of the Report is not attached here, as it is 423 pages.
[5] *See id.,* at 42.
[6] *See id.,* at 185.
[7] *See id.,* at 186.

The 2015-2016 Survey Report has been considered and accepted by courts in this District in considering the hourly rate to be awarded attorneys in consumer law cases. For example, in *Davis v. Hollins Law*, 25 F. Supp. 3d 1292 (E.D. Cal. 2014), Judge Karlton collected cases and agreed that "In recent years, the majority [of California courts] have been willing to consider the Report's results as evidence of prevailing hourly rates in FDCPA and Rosenthal Act cases." *Id.,* at 1299.[8] The 2015-2016 Survey Report has further found acceptance in district courts around the country.[9]

---

[8] In *Davis,* Judge Karlton cited to these cases as examples of California courts considering the prior (and less-detailed) 2013-2014 version of the Fee Report.  *Brown v. Mandarich Law Grp.*, 2014 WL 1340211 (N.D.Cal. Apr. 2, 2014); *Delalat v. Syndicated Office Sys.*, 2014 WL 930162 (S.D.Cal. Jan. 23, 2014); *Crawford v. Dynamic Recovery Servs.*, 2014 WL 130458 (S.D.Cal. Jan. 10, 2014); *Garcia v. Resurgent Capital Servs.*, 2012 WL 3778852 (N.D.Cal. Aug. 30, 2012); *Ramirez v. N. Am. Asset Servs., LLC*, 2012 WL 1228086 (C.D.Cal. Apr. 9, 2012); *Krapf v. Nationwide Credit Inc.*, 2010 WL 4261444 (C.D.Cal. Oct. 21, 2010). The 2015-2016 contains far more market-specific information.

[9] *See, Overton v. Berryhill,* 2018 WL 6523442, at *4 (S.D. Cal. Dec. 11, 2018) ("The Court looks to the United States Consumer Law Attorney Fee Survey Report  to determine the market rate for paralegals"); *Ulugalu v. Berryhill,* 2018 WL 2012330, at *4 (S.D. Cal. Apr. 30, 2018) (same); *Bratton v. FCA US LLC*, 2018 WL 5270581, at *5 (N.D. Cal. Oct. 22, 2018)("Plaintiffs also rely on the United States Consumer Law Attorney Fee Survey Report 2015-2016 to show that their rates are reasonable. The Survey Report reflects that the average hourly rate for consumer law attorneys in California with 11 to 15 years' experience is $443/hour. The median rate for California consumer lawyers who handle vehicle cases is $463/hour. In addition, the Metropolitan area tables for San Francisco contained in the Survey Report reflect an average hourly rate for consumer attorneys in San Francisco with 11 to 15 years' experience of $495/hour. These average rates are in line with Mikhov's rate of $500/hour, which the Court finds to be reasonable"); *Hutchison v. Lenders Portal Direct, LLC*, 2018 WL 3241255, at *2 (D.S.C. July 3, 2018)("Penny Cauley submitted the South Carolina portions of the 2015-2016 United States Consumer Law Attorney Fees Survey Report written by Mr. Ronald J. Burge. This survey sets forth a median rate for South Carolina attorneys handling cases of this nature of $325.00, and a 95% Median Attorney rate of $400.00. This Fee Survey has been utilized in determining the reasonableness of attorney fees in numerous other federal cases"); *In re Sears, Roebuck & Co. Front-Loading Washer Prod. Liab. Litig.*, 2018 WL 3707804, at *7 (N.D. Ill. Aug. 3, 2018)("The Court can assess the reasonableness of class counsel's rates in light of other court orders approving their then-current rates and the 2015-16 Fee Survey to decide if the 2017 rates are reasonable in this case"); *U.S. Postal Service Federal Credit Union Plaintiff, v. Edwin,* 2018 WL 1077291, at *4, fn 6 (D.V.I. Feb. 27, 2018); *Green v. Momentum Motor Grp., LLC,* 2018 WL 259091, at *2 (D.S.C. Jan. 2, 2018); *Firneno v. Radner Law Grp., PLLC,* 2017 WL 3675613, at *1 (E.D. Mich.

9

### E. Mr. Marcus's Hourly Rate Of $450.00 Is Reasonable.

Mr. Marcus regularly charges an hourly rate of over $450.00 per hour.  Mr. Marcus was awarded $450.00 per hour in the final approval order entered in *Town & Country Jewelers, LLC v. Meadowbrook Insurance Group, Inc.*, Case No. 3:15-cv-02519-PGS-LHG on December 6, 2017.  Mr. Marcus was similarly awarded $450.00 per hour, in the final approval order entered on November 6, 2017 in *Truglio v. CBE Group, Inc.,* Case No. 3:15-cv-03813-TJB [Docket 53] and in *Foerster v. FirstCollect, Inc.*, Case NO. 1:17-cv-01337-JEJ (Dist. of Delaware).  Mr. Marcus was first admitted to practice in 2010, and has been exclusively practicing consumer protection law for over nine years.

As can be seen from the 2015-2016 Survey Report, consumer lawyers in California on average charge $465.00 per hour, with a median rate of $450.00 per hour.[10]  Consumer lawyers in Sacramento, on average, charge $481.00 per hour, with a median rate of $450.00 per hour.[11]  When adjusted by years of experience, consumer lawyers in Sacramento with 6-10 years of experience charge $410.00 per hour.[12]

---

Aug. 25, 2017); *Alvarado v. Featured Mediation, LLC*, 2017 WL 2480606, at *2 (M.D. Fla. June 8, 2017); *Robinson v. National Credit Systems, Inc.*, 2019 WL 468580, at *5 (M.D. Fla. Jan. 22, 2019)("according to the Fee Survey Report Plaintiffs provide, in 2015-2016, hourly rates for consumer law attorneys in Florida generally ranged from $325.00 to $500.00 with a median of $400.00. ....Considering the attorney declarations, the Fee Survey Report and inflation over the last few years, the Court recommends Plaintiffs produced 'satisfactory evidence' that Plaintiffs' counsel's requested rate of $425.00 is in line with those prevailing in the community").

[10] *See* https://www.nclc.org/images/pdf/litigation/tools/atty-fee-survey-2015-2016.pdf, at 42.

[11] *See id.,* at 185.

[12] *See id.,* at 186.

Mr. Marcus' Declaration as his regular hourly rate is attached, as is Mr. Gimblin's Affidavit.   Support for Mr. Marcus' hourly rate is further found in recent cases, awarding higher hourly rates to attorneys with the same amount of experience as Mr. Marcus.   *See e.g., Rose v. Bank of Am. Corp.,* No. 5:11-cv-02390, 2014 U.S. Dist. LEXIS 121641 (N.D. Cal. Aug. 29, 2014) ($525 for an attorney with 10 years of experience, in a claim involving unlawful TCPA calls to consumers); *Cotter et al. v. Lyft, Inc.*, N.D. Cal. No. 13-cv-04065-VC, Order Granting Final Approval of Settlement Agreement, filed March 16, 2017 (Dock# 310) ($500 per hour for an attorney admitted in 2010, in class action against Lyft alleging it underpaid its drivers by classifying them as independent contractors); *May v. San Mateo County*, N.D. Cal. No. 3:16-cv-00252-LB, Stipulation and Order re Settlement filed Nov. 10, 2017 [Doc. No. 218] ($475 for an attorney with 10 years of experience, in an individual police misconduct action).

It is respectfully submitted that the attorneys' fees sought by Plaintiff is reasonable, considering the vast amount of time and attention the litigation of this action required.   Plaintiff's counsel skillfully enabled the Plaintiff to prevail in this action, despite the numerous hurdles and dilatory tactics utilized by the Defendant.   Indeed, as set forth in the accompanying Declarations of Yitzchak Zelman and Ari Marcus, these hourly rates are at - or below - the average hourly rates charged by consumer attorneys with comparable experience, both in California as a whole, and in Sacramento in particular.

Furthermore, the Plaintiff's counsel only charged half their hourly rate for time spent traveling, which is their standard practice.  This is so, even though it is customary in this District to bill for the <u>full</u> hourly rate when traveling.  *See e.g., Gauchat-Hargis v. Forest River, Inc.*, No. 2:11-CV-02737-KJM, 2013 WL 4828594, at *8 (E.D. Cal. Sept. 9, 2013)("in the Eastern District of California, courts have generally compensated attorneys at their full hourly rate for travel time") <u>citing</u> *Jones v. Cnty. of Sacramento*, No. CIV S–09–1025 DAD, 2011 WL 3584332, at *15 (E.D.Cal. Aug.12, 2011) (awarding travel time for depositions at full rate); *Jones v. McGill*, No. 1:08–CV–00396–LJO–DLB, 2009 WL 1862457, at *3 (E.D.Cal. June 29, 2009) (awarding travel time for meetings with experts and witnesses at full rate); *Davis v. Sundance Apartments*, No. CIV. S–07–1922 FCD GGH, 2008 WL 3166479, at *5 (E.D.Cal. Aug.5, 2008) (awarding travel time at full rate).

## F. Plaintiff's Counsel Should Be Awarded The Full Compensation For The Time Spent On This Case.

Plaintiff's counsel has worked tirelessly on this case from commencement through the jury's verdict, and should be compensated for their efforts.  "In order to encourage able counsel to  undertake  FDCPA  cases,  as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases. Paying counsel in FDCPA cases at rates lower than those they could obtain in the marketplace is inconsistent with the Congressional desire to enforce the FDCPA through private actions, and therefore misapplies the

law." *Tolentino v. Friedman*, 46 F. 3d 645, 652-653 (7th Cir. 1995). A fee award should permit counsel "to earn an income that would be competitive with colleagues who get paid win or lose." *Bayless v. Iris Leopold Imports, Inc.*, 659 F. Supp. 942 (D. Ore. 1987). Furthermore, the Ninth Circuit also reiterated that the relevant legal marketplace is not limited to FDCPA cases: "in order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those that they could obtain by taking other types of cases." *Camacho v. Bridgeport Financial, Inc.*, 523 F. 3d 973, 978 (9th Cir. 2008).

Here, the hourly rates requested commensurate with the experience and training of Plaintiff's counsel, whose experience and expertise are discussed in detail in their declarations attached herewith. Furthermore, they are in line with the rates of consumer attorneys in Sacramento, California, as can be seen in the 2015-2016 United States Consumer Law Attorney Fee Survey Report, similar fee awards and Mr. Gimblin's Affidavit.

The Plaintiff in this action asserted three claims, asserting causes of action for (1) Invasion of Privacy, (2) violating the Rosenthal Fair Debt Collection Practices Act, and (3) violating the Telephone Consumer Protection Act. Throughout this litigation, the Plaintiff's counsel has carefully delineated between time spent purely on the TCPA and time spent on the RFDCPA, and has recorded – but not billed – those TCPA hours.

This was a relatively easy task to do. The <u>only</u> TCPA question in this case is whether the dialing systems used by Credit One's vendors are considered an 'automatic

telephone dialing system' or not.  Credit One has maintained throughout this action that they do not know how these dialing systems worked, and the Plaintiff therefore did not really press that point in his discovery and litigation with Credit One.  Instead, Plaintiff simply hired a telecommunications expert and subpoenaed the dialer manuals from the dialer manufacturer.  Indeed, the only part of the trial that really addressed the TCPA was the approximate 1-hour testimony from Mr. Snyder, the Plaintiff's expert.  Similarly, Plaintiff's Motion for Summary Judgment was solely aimed at the TCPA claim – Plaintiff's counsel therefore did not bill for any of that work.

The Invasion of Privacy claim also did not take up any significant part of this litigation.  Unlike the RFDCPA claim which involved legal elements that the Plaintiff needed to establish in discovery – such as the consumer nature of the debt, the inapplicability of the Defendant's *bona fide* error defense and Credit One's vicarious liability for its vendors – the Invasion of Privacy claim involved two basic elements which either were met or not:  that there was an "(1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person." *Romero v. Dep't Stores Nat'l Bank*, 725 F. App'x 537, 540 (9th Cir. 2018).  The parts of the litigation that specifically addressed this claim – such as the Plaintiff's trial briefing, verdict forms and jury instructions addressing punitive damages – were not billed for and are not sought herein.

14

### G. The Attorneys' Fees Awarded Are Supposed To Be Disproportional In FDCPA Cases.

One argument that defendants commonly make, when challenging FDCPA fee awards, is that the fees sought are disproportional to the money recovered.  But this is the exact reason why Congress added a fee-shifting provision to the FDCPA after capping statutory damages at $1,000.00.  Clearly no attorney will take an FDCPA claim to trial for a percentage of $1,000.  It is for that reason that "courts have been reluctant, however, to reduce damages on the basis of a low monetary recovery in FDCPA cases, recognizing that FDCPA damages are capped at $1,000." *De Amaral v. Goldsmith & Hull*, No. 12-CV-03580-WHO, 2014 WL 1309954, at *5–6 (N.D. Cal. Apr. 1, 2014); *Kottle v. Unifund CCR, LLC*, 13–cv–03413–JEM, 2014 WL 243140, at *2 (C.D.Cal. Jan. 13, 2014) ("As there rarely will be extensive damages, a rule of proportionality would discourage vigorous enforcement of the FDCPA.").

The Ninth Circuit has similarly instructed that linking the awarded attorneys fees to the amount recovered is not a permissible consideration in FDCPA fee-shifting claims, because "requiring direct proportionality for attorney's fees would discourage vigorous enforcement of the consumer protection statutes." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 (9th Cir. 2012); *Quesada v. Thomason*, 850 F.2d 537, 540 (9th Cir. 1988) ("[I]t is inappropriate for a district court to reduce a fee award below the lodestar simply because the damages obtained are small").

15

As Judge Karlton explained, requiring some sort of proportionality between the $1,000.00 statutory damage cap and the amount of attorney's fees it takes to obtain those damages would eviscerate the remedial purposes of the statute:

> the court sees no basis to require proportionality in FDCPA cases between the amount recovered and the amount of attorney's fees available thereon. Given the relatively low value of the prescribed statutory damages, and in many instances, the unavailability of actual damages, imposing a proportionality requirement would entirely defeat the deterrence value of FDCPA lawsuits. If debt collectors who engage in unfair collection practices could be assured that they could avoid both significant damages and significant attorney's fees, they would have little incentive to comply with the FDCPA's requirements. Wronged debtors would also be less likely to find counsel absent the guarantee of fee-shifting, as the damages involved are often too low to support contingency-based representation.

*Davis v. Hollins Law*, 25 F. Supp. 3d 1292, 1302 (E.D. Cal. 2014).

**H. Plaintiff Is Entitled To Reimbursement Of His Costs.**

Both the FDPCA and the RFDPCA provides that a prevailing Plaintiff is entitled to an award of the costs expended in the litigation of her claim. *See,* 15 U.S.C. § 1692k(a)(3) (permitting recovery of, "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court"). In this action, the Plaintiff incurred $18,146.86 in necessary costs.[13] These costs have thus far been completely borne by Plaintiff's counsel, and are fully detailed and itemized in the Plaintiff's billing records for such things as:

- $850.00 in filing fees,

---

[13] This does not include the $2,000 paid to the TCPA expert witness, nor the thousands more paid to that witness for testifying at trial.

16

- $643.76 in court reporter costs for transcripts of trial and court proceedings,

- $2,046.30 in deposition transcript costs,

- $805.50 for printing and compiling trial documents and Exhibits at Staples,

- $596.06 for Trial Director, a trial presentation assistance software purchased specifically for this case.

- $7,287.91 for flights to Houston, Las Vegas and Sacramento for depositions and trial.

- $1,298 for the 4 nights of hotel stay needed for the Jury Trial.

- $400 paid to the freelancer who spent two days in the courtroom waiting to read the testimony of GC Services at the trial.

- $1,700 for service of process, including the fees of an outside law firm which specializes in serving parties in India under the Hague Convention.

It is therefore respectfully requested that the Plaintiff be awarded $18,146.86 in costs and expenses necessarily expended in this action.

## I. Local Rule 293 Factors.

The Court's Local Rules require the consideration of the following factors in awarding attorneys' fees. However, the court "should exclude from its consideration factors that are irrelevant or already subsumed in the initial lodestar calculation." *Lehr v. City of Sacramento*, No. 2:07-CV-01565-MCE, 2013 WL 1326546, at *4 (E.D. Cal. Apr. 2, 2013). Although the information required is already addressed above and in Counsel's Declaration, each of these elements are addressed *seriatim*:

(1) the time and labor required of the attorney(s);

This case was heavily litigated over the past eighteen months. Credit One opposed Plaintiff's Motion to Amend, even though that Motion was filed within the

amendment deadline agreed by the parties.  Credit One then moved to Stay the case.  After the Plaintiff opposed that Motion, the Court denied the motion, and Credit One re-filed its Motion (which it then withdrew several days later).  To get the information necessary in this case, the Plaintiff took depositions in Las Vegas and Houston, and both the infant Plaintiff and his mother were deposed.  Plaintiff also obtained written discovery from three of the four Defendants, and subpoenaed more information from the dialer manufacturer.  The Plaintiff then had to defeat two summary judgment motions just to get to trial. Trial then shut down the Plaintiff's firm for several weeks.

This case took up 505.10 billable hours (not to mention the 53.9 non-billable hours), a massive time commitment in a law firm with only two attorneys.

(2) the novelty and difficulty of the questions presented;

The RFDCPA claim in this action facially appears simple, but that is misleading.  This is because the Plaintiff was required to establish that the Defendant placed these calls intending to harass or annoy, something which is invariably a jury issue.  The Plaintiff was further required to establish Credit One's vicarious liability for the calls made by its vendors, and to learn how to serve Credit One's vendor in India under the Hague Convention.  Because Credit One never once agreed to stipulate that it violated the RFDCPA, the Plaintiff was then forced to take this claim all the way to verdict through a Jury Trial – a first for either of the two attorneys comprising the Marcus & Zelman firm.

(3) the skill required to perform the legal service properly;

It is respectfully submitted that litigating this action, from nonstop discovery and motion practice through jury verdict, required a fair amount of skill to make sure the claim was properly litigated. It is further respectfully submitted that the stellar work product of the Marcus & Zelman firm reflects that this skill was fully brought to bear in this action.

(4) the preclusion of other employment by the attorney(s) because of the acceptance of the action;

The 505.1 billable hours (and the 53.9 non-billable hours) in this action absolutely affected the Marcus & Zelman's ability to take on more clients during this time period. This is particularly true for the six intensive weeks leading up to trial, when Marcus & Zelman was essentially shuttered and almost exclusively focused on this case.

(5) the customary fee charged in matters of the type involved;

The hourly rates listed above for Mr. Zelman and Mr. Marcus are the customary rates that they charge in FDCPA cases, and which have repeatedly been approved for them by numerous courts. Moreover, this is the customary rate charged in this geographical area by consumer lawyers, as evidenced by the California fee awards listed in fee petition, the 2015-2016 Consumer Law Survey Report utilized in this District and the accompanying Declaration of Steven Gimblin, a local consumer lawyer.

In Section J, below, the Plaintiff sets forth, for comparison purposes, the attorney fees and costs awarded in similar RFDCPA claims in this area.

(6) whether the fee contracted between the attorney and the client is fixed or contingent;

The Plaintiff's Retainer Agreement is a hybrid agreement, as there are more than one claim in this action. For non-fee-shifting claims (such as claims under the TCPA), the Plaintiff's counsel is entitled to a contingent fee. For fee-shifting claims (such as the RFDCPA claim), the Plaintiff's counsel is entitled to submit his hours and fees to the Court, which decides the attorneys fees and costs to be awarded to the Plaintiff's counsel. This way, if the Plaintiff settles his TCPA claims, but then goes to trial on his RFDCPA claims (similar to what happened in the instant action, where the Plaintiff settled out the majority of his TCPA claims), the Plaintiff's counsel is not working on a contingency arrangement for merely a portion of the expected $1,000 capped statutory recovery. In either instance, of course, the Plaintiff's counsel does not get paid unless they win.

(7) any time limitations imposed by the client or the circumstances;

This case was immediately commenced in July of 2017, within a month after the last call from Credit One, in an effort to ensure that the calls no longer continue to the infant Plaintiff. The immense amount of attorney time this case has taken up since has imposed a heavy burden on the Marcus & Zelman firm. Specifically because of the heavy time commitment this case took over the past eighteen months, Plaintiff's counsel

has had to work late nights and on weekends, which is not his general practice, in order to ensure that this case was litigated properly while not neglecting the remaining cases in the law firm.

(8) the amount of money, or the value of the rights involved, and the results obtained;

As the Ninth Circuit has held, this is not a factor in FDCPA cases, where the amount of damages is capped at $1,000.00. *See, Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 (9th Cir. 2012). The Plaintiff obtained the maximum of $1,000.00 allowed by the statute in the absence of establishing that he suffered any actual damages. Moreover, the Plaintiff accomplished what he set out to accomplish; to establish that Defendant's conduct of calling people 8 times a day is unlawful under the RFDCPA, which jury finding the Defendant will now have to consider as it weighs using this practice going forward.

(9) the experience, reputation, and ability of the attorney(s);

Attorneys Ari H. Marcus and Yitzchak Zelman have an excellent reputation in the consumer protection industry. Because of that reputation, they are often referred lawsuits – including this case – by other lawyers who lack the necessary litigation skills. They have been certified as FDCPA and TCPA class counsel in courts across the country. They have further sued Credit One in numerous other similar cases, giving them specialized knowledge which further enabled them to effectively represent the Plaintiff in this action.

(10) the "undesirability" of the action;

RFDCPA and FDCPA claims, with their cap on statutory damages of $1,000, are inherently undesirable.  That is why Congress enacted fee-shifting statutes, to ensure that attorneys would be willing to take these cases.  Of course, that requires the attorney to take the risk of not being paid if the case is not won, and the risk of not receiving full recompense for his time and efforts if some of his fees are not allowed at the fee petition stage.

(11) the nature and length of the professional relationship between the attorney and the client;

This is a single-case type of relationship, where there is no sort of ongoing professional relationship between the attorney and the client.  However, the Plaintiffs counsel had to spend more than the usual amount of time communicating with the client and preparing the client, because he was a 12 year old child.

(12) awards in similar actions;

This factor is addressed in Section J below.

**J.  Conclusion.**

It is respectfully submitted that the Plaintiff's Motion for an award of attorneys' fees and costs should be granted.  The Plaintiff prevailed on his claim brought under the RFDCPA.  Extensive attorneys' fees were incurred in order to successfully litigate this claim through a 3-day jury trial and verdict.  The Plaintiff therefore expended 505.10

22

hours of billable attorneys fees, for a sum of $169,375.00 together with recoverable costs and expenses of $18,146.86, for a total of $187,521.86.

This is directly in line with what it costs to bring a RFDCPA claim to verdict, and to go through with a 3-day jury trial. *See e.g., Garcia v. Resurgent Capital Servs., L.P.,* No. C-11-1253 EMC, 2012 WL 3778852, at *12 (N.D. Cal. Aug. 30, 2012)(awarding $213,606.65 in attorneys fees and costs where the RFDCPA/intrusion upon seclusion case settled right <u>before</u> a jury trial after fourteen months of litigation); *Brandt v. Columbia Credit Servs., Inc.*, No. C17-703RSM, 2018 WL 4963109, at *3 (W.D. Wash. Oct. 15, 2018)(awarding $111,265 for attorneys fees and costs because "The jury trial in this matter lasted one day, and covered only the issue of damages after liability had been established on summary judgment. The only witnesses were the parties, and exhibits were kept to a minimum. In many ways, this was the simplest trial the Court has ever seen"); *Parker v. Peters & Freedman, LLP*, No. SA CV 17-0667-DFM, 2019 WL 174979, at *4 (C.D. Cal. Jan. 11, 2019)(awarding $114,070.11 in attorneys fees and costs, where the FDCPA claim settled after the jury was empaneled and sworn); *Alonso v. Blackstone Fin. Grp.. LLC*, No. 1:11-CV-01693-SAB, 2014 WL 788338, at *7 (E.D. Cal. Feb. 25, 2014)(awarding $112,727 in attorneys fees on FDCPA/RFDCPA after one day bench trial, where the litigation took two years).

1 It is therefore respectfully requested that this Court enter a final judgment in favor

2
3 of the Plaintiff in the amount of $187,521.86 in full award of the Plaintiff's attorneys'

4 fees and costs incurred in this action.

5
Dated:        February 12, 2019
6
                                                By: /s/ Yitzchak Zelman
7                                               Yitzchak Zelman (YZ5857)
                                                Marcus & Zelman, LLC
8                                               701 Cookman Avenue, Suite 300
9                                               Asbury Park, New Jersey 07712
                                                Phone:        (845)367-7146
10                                              Fax:          (732) 298-6256
11                                              Email:        yzelman@MarcusZelman.com

12                                              *Attorney for Plaintiff N.L., an infant by his*
13                                              *mother and natural guardian SANDRA LEMOS*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28