UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.L., an infant by his mother and natural guardian SANDRA LEMOS,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, N.A., GC SERVICES LIMITED PARTNERSHIP, IENERGIZER HOLDINGS, LIMITED, and FIRST CONTACT, LLC a/k/a IQOR HOLDINGS, INC.,<br><br>Defendants. | No. 2:17-cv-01512-JAM-DB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TREBLE DAMAGES AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES** |

N.L. ("Plaintiff") sued Credit One Bank, N.A. ("Defendant" or "Credit One") under the Telephone Consumer Protection Act (TCPA), Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), and common law. Compl., ECF No. 1. At trial, a jury found for Plaintiff on his TCPA and Rosenthal Act claims. Jury Verdict, ECF No. 127. Plaintiff now moves the Court to award treble damages for his TCPA claim and seeks attorney fees as the prevailing party. Damages Mot., ECF No. 133; Fee Mot., ECF No. 134. Credit One opposes both motions. Damages Opp'n, ECF No.

1

138; Fee Opp'n, ECF No. 137. For the reasons set forth below, the Court DENIES Plaintiff's Motion for Treble Damages and GRANTS Plaintiff's Motion for Attorney Fees.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff sued Credit One and its contracting vendors after receiving over a hundred calls in which the vendors sought to collect on a debt owed to Credit One by a third-party. Plaintiff reached settlements before trial with all three vendors and proceeded to trial only against Credit One. After three days of trial, the jury returned a verdict that found (1) Credit One violated the TCPA through the calls made by all three of its vendors; (2) Credit One violated Plaintiff's rights under the Rosenthal Act; and (3) Credit one did not invade Plaintiff's privacy by intruding upon his seclusion. Verdict Form at 1–3. The jury awarded Plaintiff $1,000 in statutory damages under the Rosenthal Act. Id. at 3.

## II. OPINION

Plaintiff filed two post-trial motions. In the first motion, Plaintiff asks the Court to treble his TCPA damages. See Damages Mot. In the second motion, Plaintiff seeks attorneys' fees, costs, and expenses as a prevailing party on his Rosenthal Act claim. See Fee Mot.

A. Treble Damages

Plaintiff seeks treble damages based on the theory that after Plaintiff told a Credit One vendor to stop calling on February 22, 2017, the subsequent 183 calls were willful violations of the TCPA.

The TCPA provides that a person may "recover for actual

2

monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3). A court may award up to three times this amount, however, if it finds that the defendant committed the violation "willfully or knowingly." Id. ("If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."). In this case, there were material disputes of fact on issues of knowledge and intent. Those disputes were answered at trial by weighing the evidence and credibility of witnesses.

The jury found for Plaintiff on strict liability claims under the TCPA and Rosenthal Act. Yet in opposing treble damages, Credit One continues to argue that it cannot be held responsible for TCPA violations because it disagrees with the Ninth Circuit's holding in Marks v. Crunch San Diego, LLC, 904 F.3d 1041 (9th Cir. 2018), cert. dismissed, No. 18-995, 2019 WL 368840 (U.S. Feb. 27, 2019). See Damages Opp'n at 1-2. Credit One's view of the Marks case does not negate the law-of-the-circuit rule, by which district courts are bound by prior circuit decisions unless those decisions are "clearly irreconcilable with intervening Supreme Court precedent." Biggs v. Sec'y of Cal. Dep't of Corr. & Rehab., 717 F.3d 678, 689 (9th Cir. 2013) (citing Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc)). The Court is bound by Marks and will follow it.

Credit One's stronger argument is that the evidence

3

presented at trial does not show by a preponderance of the evidence that Credit One's vendors "knowingly" and "willfully" continued to call Plaintiff after he requested they stop. See Damages Opp'n at 6. Although Credit One is incorrect that Plaintiff must show that callers knew they were violating the TCPA, id. at 6-7, Plaintiff must show more than what was required for strict liability. For the calls to have been deliberate violations, Plaintiff needed to demonstrate that the representatives calling after February 22, 2017 should have known that they were calling a person who did not provide prior express consent.

Plaintiff did not carry this burden by a preponderance of the evidence. Unlike in the cases Plaintiff cited, here there were numerous factual disputes regarding when and how Plaintiff told Credit One's vendors to stop calling. It was unclear whether the vendor representative heard or understood Plaintiff's cease-call request, after which the representative neglected to mark the account notes with a Block/DNC designation. Trial testimony suggested that Credit One's vendor failed to take proper care and follow Credit One's policy by not documenting Plaintiff's singular request that the calls stop. This failure is more indicative of negligence than willfulness.

In summary, the evidence at trial did not show that Credit One or its vendors continued to call Plaintiff with the knowledge that he had requested the calls cease. The Court, in its discretion, does not find that treble damages are appropriate in this case.

///

4

B.   **Attorneys' Fees**

1.   **Legal Standard**

Under Eastern District of California Local Rule 293, a prevailing party has twenty-eight (28) days after entry of a final judgment to move for an award of attorneys' fees. E.D. Cal. L.R. 293(a). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

The Ninth Circuit requires a district court to calculate an award of attorneys' fees by first calculating the "lodestar." See Caudle v. Bristow Optical Co. Inc., 224 F.3d 1014, 1028 (9th Cir. 2000). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Id. at 1028 (citing Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996)). The lodestar is presumptively reasonable unless some exceptional circumstance justifies deviation. Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1998). As the Ninth Circuit has indicated, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Van Gerwen v. Guarantee Mutual Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting Hensley, 461 U.S. at 434). The Court is under an independent duty to reach its own "lodestar" value. Hensley, 461 U.S. at 433.

After computing the lodestar, the district court assesses whether additional considerations enumerated in Kerr v. Screen

Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557 (1992), require the court to adjust the figure. Caudle, 224 F.3d at 1028. The factors laid out in Kerr, along with the substantially overlapping criteria enumerated in Local Rule 293, include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases; and (13) such other matters as the Court may deem appropriate under the circumstances. Kerr, 526 F.2d at 70; E.D. Cal. L.R. 293(c).

2. Calculation of Attorneys' Fees

Plaintiff argues the total lodestar is $169,375.00, based on 372.9 hours billed by Yitzchak Zelman at $350 per hour and 132.2 hours billed by Ari Marcus at $450 per hour. Fee Mot. at 5–12. Plaintiff's counsel does not seek a lodestar enhancement. See id. Plaintiffs also seek costs and expenses in the amount of $18,146.86. Id. at 23.

Credit One opposes Plaintiff's requested attorneys' fees, costs, and expenses, raising four objections to the attorneys' fee motion. See Fee Opp'n at 2. First, Credit One takes issue

with Plaintiffs' counsel designating 53.9 hours for nonbillable work on the TCPA and Invasion of Privacy claims, compared to 559 hours on billable work for trial and Rosenthal claim. Id. Second, Credit One contends that their $1,001.00 settlement offer, exclusive of reasonable fees and costs, constitutes a Rule 68 offer that bars recovery of fees incurred after January 16, 2019. Id. Third, Credit One argues that Plaintiff's counsel has double-billed their fees and expenses since they recovered $29,405.70 in attorneys' fees and $12,985.75 in expenses from settling with Credit One's vendors. Id. Fourth, Credit One argues that Marcus should not be able to bill $450 per hour because he served as second chair at trial. Id.

### a. No Valid Rule 68 Offer

Credit One's argument that Plaintiff should not recover attorneys' fees incurred after January 16, 2019 based on Federal Rule of Civil Procedure 68, Fee Opp'n at 4-5, is incorrect as a matter of law.

"Under Rule 68, if a plaintiff rejects a defendant's offer of judgment, and the judgment finally obtained by plaintiff is not more favorable than the offer, the plaintiff must pay the costs incurred subsequent to the offer." UMG Recordings, Inc. v. Shelter Capital Partners LLC, 718 F.3d 1006, 1033 (9th Cir. 2013). The offer must be made at least 14 days before trial. Fed. R. Civ. P. 68(a). Rule 68 applies to attorneys' fees if the underlying statute included fees as part of awardable "costs." Marek v. Chesny, 473 U.S. 1, 9 (1985) ("[W]here the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of

7

Rule 68.").

The first problem with this argument is that January 16, 2019 was not "[a]t least 14 days before the date set for trial," which began on January 28, 2019. See Fed. R. Civ. P. 68(a). Second, Credit One has not attempted to show that the Rosenthal Act includes attorneys' fees as a component of awardable costs. Such an attempt is futile since the statute treats costs and attorneys' fees as distinct entities. Cal. Civ. Code § 1788.30(c). While either party may receive costs as a prevailing party, the Rosenthal Act treats attorneys' fees differently. Id. Reasonable attorneys' fees are mandatory for a prevailing debtor, whereas a prevailing creditor may only recover fees where the debtor brought or continued the action in bad faith. See id. Plaintiff is the prevailing party under the Rosenthal Act and shall be awarded reasonable attorneys' fees not limited by Credit One's invalid Rule 68 offer.

### b. Hours Reasonably Expended

Under both California and federal law, determining whether Plaintiff's attorneys' fees are reasonable begins by calculating the lodestar: the reasonable hourly rates multiplied by the number of hours reasonably spent. See, e.g., Hensley, 461 U.S. at 433; Taylor v. Nabors Drilling USA, LP, 166 Cal. Rptr. 3d 676, 693 (Ct. App. 2014).

Plaintiff's counsel submitted detailed and comprehensive time entries. See Time Entries, ECF No. 134-3. Credit One's primary argument—that Plaintiff should only receive the 53.9 hours not billed for time spent exclusively on TCPA and invasion of privacy claims, rather than the 505.10 hours billed for

8

Rosenthal Act and related work—is legally unsupported. The Supreme Court has instructed that "[t]he mere fact that plaintiffs do not prevail on every claim does not preclude an award of fees for all work reasonably performed," especially where "various claims are essentially part and parcel of a single attempt to establish and vindicate the plaintiffs' rights." Hensley v. Eckerhart, 461 U.S. 424, 452-53 (1983). The substantial overlap in Plaintiff's closely related claims does not support limiting Plaintiff's recovery of attorneys' fees on this ground.

Credit One's secondary argument that Plaintiff's fee recovery should be limited by settlements with other defendants also lacks merit. Plaintiff's counsel received contingency fees as a condition of settling TCPA claims with Credit One's vendors, a statute without an attorneys' fee provision; however, Credit One chose to proceed to trial on claims including the Rosenthal Act, which requires the Court to award reasonable attorneys' fees to prevailing debtors. Credit One has not presented the Court with any specific billing entries that were already compensated, and thus has not established that Plaintiff would be "double recovering" by receiving reasonable attorneys' fees required by the Rosenthal Act.

The Court finds that the hours worked by Marcus & Zelman are appropriate, considering the quality of representation on cross-motions for summary judgment, pretrial motions, post-trial motions, and at trial. While Plaintiff's counsel billed for their cross-country travel from New Jersey to California, they reduced their billing rate for this travel by half. In light of

that proactive rate reduction, the Court does not find it necessary to reduce the time billed for travel. See Gauchat-Hargis v. Forest River, Inc., No. 2:11-cv-02737-KJM, 2013 WL 4828594, at *8 (E.D. Cal. Sept. 9, 2013) ("Thus, so long as the amount of time spent traveling is reasonable, and the meeting or event to which the attorney is traveling is necessary to the case, the court will award compensation of travel time at the attorney's full hourly rate.").

The Court makes only one minor change to the total hours billed by Plaintiff's counsel. The Court reduces the 505.10 hours requested by 1.8 hours to account for an unbilled time entry by Zelman on April 30, 2018. See Time Entries at 6. The new time total is 503.3 hours. These hours amount to the total time that reasonably competent counsel would have billed in this case.

### c. Reasonable Hourly Rate

The Court next turns to determining a reasonable hourly rate. Cases direct the Court to compare the requested rates with the "prevailing market rate," which is the rate "prevailing in the community for similar services of lawyers with reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). The relevant market in this case is rate prevailing in the Eastern District of California.

Zelman graduated from the Benjamin N. Cardozo School of Law in June 2012 and has been licensed to practice in New Jersey since 2012. Zelman Decl., ECF No. 134-1, p. 1. He has appeared in consumer law matters in 25 states and three federal courts of appeals. Id. at 1-2. The Court finds Zelman's requested hourly

rate of $350 per hour to be within the acceptable range in Sacramento for an attorney with Zelman's years of experience in consumer law. For Zelman's work, the Court awards 303.1 legal hours billed at $350 per hour and 68 travel hours billed at $175 hour, for a total of $117,985.00.

Marcus graduated from Brooklyn Law School in June 2010 and has been licensed to practice in New Jersey since 2010. Marcus Decl., ECF No. 134-2, p. 1. He has appeared in consumer law matters in nine states and two federal courts of appeals. Id. at 1-2. The Court, however, reduces Marcus's billed rate from $450 per hour to $400 per hour, within the acceptable range in Sacramento for an attorney with Marcus's years of experience in consumer law. For Marcus's work, the Court awards 96.2 legal hours billed at $400 per hour and 36 travel hours billed at $200 per hour, for a total of $45,680.00.

### d. The Kerr Factors and Local Rule 293(c)

Finally, the Court considers whether circumstances justify deviating from the lodestar. See Quesada, 850 F.2d at 539. Although there is a "strong presumption" that a lodestar calculation is sufficient compensation, "that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 553-54 (2010).

Here, the Court finds that none of the Kerr factors weigh in favor of adjusting the lodestar. The Court analyzed the time and labor above, determining the appropriate totals. These totals take into account the preclusion of other employment by the

attorney, customary rates, the experience and reputation of the attorneys, and are in line with awards for other cases of this nature. Although these types of consumer cases are common and not particularly undesirable, this case presented factual disputes resolved by a jury trial. Plaintiff's counsel demonstrated a high level of skill and competence in this practice area. Although Plaintiff did not achieve all the damages he sought at trial, he prevailed on two claims and received more than nominal damages. Additionally, Plaintiff and his counsel signed a hybrid agreement, allowing for contingency fees on non-fee-shifting claims and court-awarded fees for fee-shifting claims. Finally, Plaintiff and his counsel do not have an ongoing professional relationship outside of this case, but counsel had to spend additional time and care to communicate with Plaintiff because he is a child.

In sum, the Kerr factors do not warrant an upward or downward departure. The Court awards Plaintiff a combined total of 399.3 legal hours and 104 travel hours, for a total of $163,665.00 in attorneys' fees.

C. Additional Request for Costs and Expenses

With his Motion for Attorneys' Fees, Plaintiff also requests recoverable costs and expenses in the amount of $18,146.86. Fee Mot. at 16-17. In its opposition, Credit One challenges Plaintiff's request for costs and expenses, arguing that Plaintiff has already recovered some of his costs and expenses through settlements with Credit One's vendors. See Fee Opp'n at 6-8. The Court agrees with Defendant and as further explained below awards Plaintiff $5,429.25 in costs and expenses.

First, pro hac vice fees in the amount of $450 must be subtracted from any award of costs. Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc., 741 F.3d 955, 958 (9th Cir. 2013) (holding that the Ninth Circuit does not allow for an award of pro hac vice fees as costs).

Second, the Court finds that awarding Plaintiff the full amount of the remaining costs he seeks would constitute a double recovery of costs. Accordingly, the Court reduces the $18,865.00 costs requested by the $12,985.75 in costs already recovered. The balance of $5,879.25, becomes $5,429.25 after the $450 in pro hac vice fees are subtracted. This amount is unopposed by Credit One. See Fee Opp'n at 7-8.

## III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Treble Damages and GRANTS Plaintiff's Motion for Attorney Fees. The Court awards Plaintiff $163,665.00 in attorneys' fees and $5,429.25 in costs and expenses.

IT IS SO ORDERED.

Dated: March 28, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE