UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| N. L., an infant by his mother and natural guardian Sandra Lemos,<br><br>      Plaintiff - Appellee,<br><br> v.<br><br>CREDIT ONE BANK, N.A.,<br><br>      Defendant - Appellant,<br><br> and<br><br>GC SERVICES LIMITED PARTNERSHIP; et al.,<br><br>      Defendants. | No. 19-15399<br><br>D.C. No. 2:17-cv-01512-JAM-DB<br>U.S. District Court for Eastern California, Sacramento<br><br>**MANDATE** |
| N. L., an infant by his mother and natural guardian Sandra Lemos,<br><br>      Plaintiff - Appellee,<br><br> v.<br><br>CREDIT ONE BANK, N.A.,<br><br>      Defendant - Appellant,<br><br> and | No. 19-15938<br><br>D.C. No. 2:17-cv-01512-JAM-DB<br>U.S. District Court for Eastern California, Sacramento |

GC SERVICES LIMITED
PARTNERSHIP; et al.,

        Defendants.

The judgment of this Court, entered June 03, 2020, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

        FOR THE COURT:

        MOLLY C. DWYER
        CLERK OF COURT

        By: Nixon Antonio Callejas Morales
        Deputy Clerk
        Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| N. L., an infant by his mother and natural guardian Sandra Lemos,<br><br>   Plaintiff-Appellee,<br><br> v.<br><br>CREDIT ONE BANK, N.A.,<br><br>   Defendant-Appellant,<br><br> and<br><br>GC SERVICES LIMITED PARTNERSHIP; IENERGIZER HOLDINGS, LIMITED; FIRST CONTACT, LLC, AKA Iqor Holdings, Inc.,<br><br>   Defendants. | Nos. 19-15399<br>   19-15938<br><br>D.C. No.<br>2:17-cv-01512-JAM-DB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted March 25, 2020[**]
San Francisco, California

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  GOULD, CHRISTEN, and BRESS, Circuit Judges.

Credit One Bank appeals the district court's order awarding attorneys' fees to N.L. under California's Rosenthal Fair Debt Collection Practices Act.  Cal. Civ. Code § 1788 *et seq*.  We assume familiarity with the relevant facts and procedural history and discuss them only as necessary to explain our decision.  We have jurisdiction under 28 U.S.C. § 1291 and now affirm.[1]

"We review the award or denial of attorney's fees for abuse of discretion, but any elements of legal analysis and statutory interpretation which figure in the district court's decision are reviewable de novo."  *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1032 (9th Cir. 2012) (quotations and citation omitted).  Because the fee award is based on a California state law claim, we apply California law.  *See MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999).

1.    Credit One first argues that the district court erred in failing to limit the award to fees incurred litigating the Rosenthal Act claim.  The Rosenthal Act permits N.L. to recover "[r]easonable attorney's fees" based on "time necessarily expended to enforce the liability" under the statute.  Cal. Civ. Code § 1788.30(c).  But the TCPA does not allow an award of fees.  *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 668 (2016).  And under California law, "[w]hen a cause of action for which

---

[1] In a published opinion issued concurrently with this memorandum disposition, we upheld that the district court's jury instructions for N.L.'s claim under the Telephone Consumer Protection Act (TCPA).

2

attorney fees are provided by statute is joined with other causes of action for which attorney fees are not permitted, the prevailing party may recover only on the statutory cause of action" that allows fees. *Akins v. Enterprise Rent-A-Car Co. of S.F.*, 94 Cal. Rptr. 2d 448, 452 (Ct. App. 2000).

Most of the arguments that Credit One raises on this point were not raised below, as the bank in the district court did not identify any entry that was improperly apportioned or insufficiently detailed. We therefore decline to consider those arguments now. *See Gilbrook v. City of Westminster*, 177 F.3d 839, 876–77 (9th Cir. 1999). The only argument Credit One preserved below was that it was "implausible" for N.L. to apportion 503.3 hours to the Rosenthal Act claim and 53.9 hours to unrelated issues, including the TCPA claim. But "fees need not be apportioned when incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which they are not." *Akins*, 94 Cal. Rptr. 2d at 452. This principle applies when the claims share a "common legal issue" or a "common factual issue." *Id.* (emphasis omitted). Here, all of N.L.'s claims share a common factual core. We therefore cannot conclude that the district court's apportionment was "implausible" or that the district court otherwise abused its discretion.

2. Credit One next argues that the district court should have reduced the award due to N.L.'s allegedly limited success in this lawsuit. Credit One did not

3

raise this argument below, and therefore did not preserve it for our review. *Gillbrook*, 177 F.3d at 876–77. But even if Credit One had raised the argument in the district court, we still could not find an abuse of discretion. It is true that "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *ComputerXpress, Inc. v. Jackson*, 113 Cal. Rptr. 2d 625, 648 (Ct. App. 2001) (quotations and citation omitted). In this case, however, N.L. obtained the full amount of available statutory damages under the TCPA and the Rosenthal Act. We thus cannot say that the district court would have abused its discretion in declining to reduce the award based on other aspects of this case in which N.L. achieved less success. *See Evon*, 688 F.3d at 1033.

3. Finally, Credit One argues that the district court abused its discretion by not offsetting the fee award by the amount of attorneys' fees awarded to N.L. in his prior settlement with Credit One's vendors. But Credit One on appeal does not cite any specific entries that were allegedly double counted, just as it failed to do before the district court. Credit One thus does not show that the district court abused its discretion. *Gilbrook*, 177 F.3d at 876–77.

**AFFIRMED.**